**In re Terry A. CANALES, Relator.**

**In re The County of Jim Wells, Relator.**

**Nos. 99–1268, 99–1307.**

Supreme Court of Texas.

Argued Sept. 13, 2000.

Decided Feb. 1, 2001.

Sharon E. Callaway, Jacqueline M. Stroh, Crofts Callaway & Jefferson, Chester J. Makowski, San Antonio, William W. Pierson, Myra K. Morris, Corpus Christi, Ruth Ann Silvers, Houston, Royston Rayzor Vickery & Williams, Darrell L. Barger, Augustin Rivera, Jr., Patrick M. Martinez, Barger Hermansen McKibben & Villarreal, Corpus Christi, for Relators.

Hector Gonzalez, Hector P. Gonzalez Law Office, Craig W. Crosby, Alice, for Respondent.

Justice ENOCH delivered the opinion of the Court.

In these consolidated mandamus petitions, we must decide whether real party in interest Cynthia Barrera's objection to a visiting judge under section 74.053 of the Texas Government Code was timely although not made until after the judge had heard and ruled on pretrial matters in the case. Because we conclude that the statute contemplates that objections be made before the first hearing over which the visiting judge is to preside in a case rather than to a particular assignment order, Barrera's objection was untimely and the trial court properly rejected it. The court of appeals therefore abused its discretion in conditionally granting Barrera a writ of mandamus.

On April 27, 1999, Barrera sued relators Judge Terry A. Canales and the county of Jim Wells in the 79th Judicial District Court of Jim Wells County. Canales, who is the district judge of that court, accordingly requested that the matter be assigned to another judge. By order of May 24, 1999, the presiding judge of the Fifth Administrative Judicial Region assigned visiting Judge Woody Densen to preside over the 79th District Court in Jim Wells County from May 24, 1999 to May 26, 1999. A separate order dated the same day assigned Judge Densen to preside over the 79th District Court in Brooks County from May 27, 1999 to May 29, 1999.

On May 25, 1999, Judge Densen heard and granted Canales's motion for a protective order in the underlying case. Two days later, on May 27, Judge Densen conducted a telephone hearing with the parties, in which he denied Barrera's motion to quash her deposition.

On July 9, 1999, the presiding judge issued another assignment order, this time assigning Judge Densen specifically to preside over the underlying case. On August 13, 1999, Barrera for the first time filed an objection to Judge Densen's assignment, invoking section 74.053 of the Texas Government Code. Judge Densen overruled her objection on August 20, 1999. That same day, Judge Densen granted Canales's motion for summary judgment against Barrera and severed the claims against Canales into a separate case. Thereafter, Judge Densen sustained the County's plea to the jurisdiction and dismissed the case with prejudice.

Barrera petitioned the court of appeals for a writ of mandamus based on Judge Densen's refusal to remove himself from the case. The court of appeals concluded that Judge Densen's authority under the

first assignment order expired on May 26 and that the June 9 order was necessary for him to preside further over the case.[1] Because the two assignment orders were distinct, the court reasoned, Barrera's objection complied with section 74.053's requirement that objections be filed before the first hearing over which the assigned judge is to preside as long as Judge Densen had not taken any action under the second assignment. Thus, the court of appeals instructed Judge Densen to disqualify himself from any further proceedings in the case and declared void the orders he entered after Barrera filed her objection.[2] Canales and the County then sought our review by mandamus.

■ When we review the grant of a writ of mandamus from the court of appeals, we examine the trial court's ruling for an abuse of discretion.[3] If the trial court did not abuse its discretion, we must grant the mandamus and direct the court of appeals to vacate its judgment.[4] But we recognize that interpretation of a statute is a question of law over which a trial judge has no discretion.[5]

The Court Administration Act, chapter 74 of the Government Code, divides the state into nine administrative judicial regions and empowers the presiding judge of each region to assign visiting judges to the courts in that region.[6] Section 74.053 of that Act allows the parties to a civil case to object to an assigned judge and sets out the procedure for doing so:

(a) When a judge is assigned under this chapter, the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or in part by the assigned judge.

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. . . .

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.[7]

. . .

■ If an objection is timely, the assigned judge's disqualification is automatic.[8] When an assigned judge overrules a timely objection to his assignment, all of the judge's subsequent orders are void and the objecting party is entitled to mandamus relief.[9] This Court has never before considered whether an objection would be timely in the circumstances presented here.

■ Canales and the County contend that Barrera waived her objection to Judge Densen because she waited to file it until after he had conducted two pretrial hearings. The statute, they argue, dictates that objections be filed before the

1. 9 S.W.3d 386, 390.

2. *Id.*

3. *In re Houston Lighting & Power Co.,* 976 S.W.2d 671, 672 (Tex.1998).

4. *Id.*

5. *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 437 (Tex.1997) (citing *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992)).

6. *In re Perritt,* 992 S.W.2d 444, 446 (Tex. 1999).

7. Tex. Gov't Code § 74.053(a)-(c).

8. *See id.* § 74.053(b); *see also Perritt,* 992 S.W.2d at 446.

9. *Flores v. Banner,* 932 S.W.2d 500, 501 (Tex. 1996).

assigned judge presides over any matter in the case, independent of the extent of the judge's authority under a particular assignment order. Otherwise, parties could "test out" a judge and then object if they disagree with the judge's preliminary rulings. Alternatively, Canales and the County maintain that Judge Densen's authority under the May 24 assignment order extended to the entire case, so that the June 9 assignment order was superfluous and did not give Barrera another opportunity to object.

Barrera counters that her objection was timely because she filed it before Judge Densen conducted any hearings under the authority of the June 9 assignment order. She argues that Judge Densen's authority under the first assignment order expired on May 26, and that he had no authority thereafter to act in the case until he received a new assignment. Because a new assignment was necessary, she reasons, a new opportunity to object arose.

 To resolve this issue, we turn to section 74.053. When we construe a statute, our primary goal is to ascertain and give effect to the Legislature's intent in enacting it.[10] If a statute is clear and unambiguous, we need not resort to rules of construction or other aids to construe it.[11] Even then, however, we may consider, among other things, the statute's objectives, its legislative history, and the consequences of a particular construction.[12]

 The statute's plain language convinces us that Canales and the County

read it accurately. To begin with, section 74.053(a) requires notice (if practicable) to the parties to any case "that is to be heard in whole *or in part* by the assigned judge."[13] And section 74.053(c) says that "[a]n objection under this section must be filed *before the first hearing or trial, including pretrial hearings,* over which the assigned judge is to preside."[14] Finally, if a party files a timely objection, section 74.053(b) provides that the assigned judge "shall not hear the case."[15] Read together, these sections preclude the argument that a new chapter 74 assignment order carries with it a new right to object. The statute explicitly recognizes the possibility that a visiting judge may be assigned to preside over only part of a case. Yet it does not say that objections must be filed before the judge presides over any hearing *under the assignment.* It says, rather, that to be timely an objection must be filed before the judge presides over *any* hearing. There is simply no basis in the statute to tie the timeliness of an objection to a judge's authority under any given assignment order.

This conclusion is reinforced by the statute's legislative history and objectives. Section 74.053 first came into being in 1985 as part of the Court Administration Act.[16] That Act's purpose was to provide a statewide framework for court administration and case management, in order to give the civil courts greater control over their dockets and speed the progress of cases

---

10. Tex. Gov't Code § 312.005; *see also Mitchell Energy*, 943 S.W.2d at 438.

11. *Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 363 (Tex.2000).

12. *See* Tex. Gov't Code § 311.023(1), (3), (5).

13. Tex. Gov't Code § 74.053(a) (emphasis added).

14. *Id.* § 74.053(c) (emphasis added).

15. *Id.* § 74.053(b).

16. *See* Court Administration Act, 69th Leg., R.S., ch. 732, § 2, 1985 Tex. Gen. Laws 2534.

through the court system.[17] As originally enacted, section 74.053 did not restrict the number of objections that parties could make to visiting judges.[18]

In 1987, the Legislature limited each party to one objection per case, to prevent either side from being able to put off trial indefinitely by filing one objection after another.[19] In 1991, the statute was amended again to allow unlimited objections to former judges who are not retired judges.[20] Legislators discussing both of these changes expressed concern that the visiting judge system was being abused because judges who were defeated in elections were continuing to sit as visiting judges.[21] Section 74.053 answers that concern by protecting a party's interest in having its case heard by the locally-elected judge instead of one who had been rejected by the voters.[22] The Legislature balanced this interest against its desire to create a uniform system of administration and prevent delay by carefully limiting the right to object.

Construing the statute to permit objections to a second assignment after the assigned judge has presided over some part of the case upsets this balance and is inconsistent with the statute's objectives in several ways. First, it increases delay and disrupts the judicial process if a party can remove a judge without cause in the middle of a case. And in many cases, whether an objection is timely would depend on interpreting the assignment order involved. Consequently, we would sacrifice a straightforward application of the statute for one that would inevitably cause even more delay while the parties argue about the scope of assignment orders.

Moreover, section 74.053 protects only a party's interest in having a locally-elected judge hear its case—not a party's ability to choose which judge will sit.[23] As soon as a party knows that a visiting judge has been appointed, that party knows that the locally-elected judge will not hear at least part of the case. An immediate objection thus furthers the policy concerns reflected in section 74.053. Allowing either party to sample the visiting judge first doesn't. Of course, we recognize that in this case Bar-

---

17. *See* Senate Judiciary Comm., Bill Analysis, Tex. S.B. 586, 69th Leg., R.S. (1985); *see also Public Hearing on H.B.1931 Before House Judiciary Comm.,* 69th Leg., R.S. (March 26, 1985) (tape available through House Video/Audio Office).

18. *See* Tex.Rev.Civ. Stat. Ann. art. 200a 1, § 4.103, *codified by* Act of May 21, 1987, 70th Leg., R.S., ch. 148, § 2.93(a), (b)(4), 1987 Tex. Gen. Laws 579, 579–91 (current version at Tex. Gov't Code § 74.053).

19. *See* Act of June 17, 1987, 70th Leg., R.S., ch. 505, § 1, sec. 4.013(b), 1987 Tex. Gen. Laws 2118; *see also Public Hearing on H.B. 287 Before House Comm. on Judicial Affairs,* 70th Leg., R.S. (February 18, 1987) (tape available from House Video/Audio Office).

20. *See* Act effective June 16, 1991, 72nd Leg., R.S., ch. 785, § 2, sec. 74.053(d), 1991 Tex. Gen. Laws 2782.

21. *See, e.g., Public Hearing on H.B. 287 Before Senate Jurisprudence Comm.* 70th Leg., R.S. (May 19, 1987) (tape available through State Library); *Public Hearing on H.B. 287 Before House Comm. on Judicial Affairs,* 70th Leg., R.S. (February 18, 1987) (tape available from House Video/Audio Office); *Public Hearing on H.B. 555 Before Senate Jurisprudence Comm.,* 72nd Leg., R.S. (May 14, 1991) (tape available through State Library).

22. *See Houston Lighting & Power,* 976 S.W.2d at 673; *Mitchell Energy,* 943 S.W.2d at 439; *Public Hearing on H.B. 555 Before Senate Jurisprudence Comm.,* 72nd Leg., R.S. (May 14, 1991) (tape available through State Library); *Public Hearing on H.B. 287 Before Senate Jurisprudence Committee,* 70th Leg., R.S. (May 19, 1987) (tape available through State Library Reference).

23. *See Houston Lighting & Power,* 976 S.W.2d at 673.

rera has no interest in having her case tried by the locally-elected judge of Jim Wells County, whom she is suing. But we can't read the statute contrary to its language and legislative history on that basis.

 The statute means exactly what it says. An objection to a judge assigned under chapter 74 is timely if it is filed before the very first hearing or trial in the case, including pretrial hearings, over which the assigned judge is to preside—without regard to the terms of the particular order under which the judge is assigned. The statute does not confer a new opportunity to object when a visiting judge who has already heard matters in the case is reassigned by a new assignment order. Once an assigned judge has heard any matter in a case, the parties have waived the right to object to that judge under section 74.053 of the Government Code.

Because we conclude that Barrera had to object to Judge Densen's appointment before he presided over any pretrial hearings in the case, we do not reach the scope of his authority under any of the assignment orders. We are aware that some courts of appeals have examined the extent of a visiting judge's authority under the particular assignment order to assess whether a section 74.053 objection was timely.[24] As the court of appeals here acknowledged, those cases did not present the precise question we answer today, and thus are distinguishable. We therefore express no opinion on them. We do, however, disapprove of *Di Ferrante v. Smith*[25] to the extent that it can be read to suggest that a party may timely object to a visiting

judge under section 74.053 after the judge has already presided over a hearing in the case. We also note that in this case both assignment orders were made pursuant to chapter 74. We do not consider whether an objection to a second assignment would be timely if the first assignment were made under some authority other than chapter 74.[26]

Because Barrera's objection was untimely, Judge Densen did not abuse his discretion in overruling it. We therefore conditionally grant the writ of mandamus against the court of appeals. The writ will issue only if the court of appeals does not vacate its mandamus judgment.

---

24. *See, e.g., O'Connor v. Lykos,* 960 S.W.2d 96 (Tex.App.—Houston [1st Dist.] 1997, orig. proceeding); *Bourgeois v. Collier,* 959 S.W.2d 241 (Tex.App.—Dallas 1997, no writ); *Starnes v. Chapman,* 793 S.W.2d 104 (Tex.App.—Dallas 1990, orig. proceeding).

25. 940 S.W.2d 843 (Tex.App.—Houston [14th Dist.] 1997, orig. proceeding).

26. *See, e.g., NCF, Inc. v. Harless,* 846 S.W.2d 79 (Tex.App.Dallas 1992, orig. proceeding).