

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

September 3, 2003

The Honorable John F. Healey, Jr.
Fort Bend County District Attorney
301 Jackson Street
Richmond, Texas 77469

Opinion No. GA-0096

Re: Whether an assistant prosecutor's prior service as an elected district attorney, criminal district attorney, or county attorney who performed the duties of a district attorney qualifies as lifetime service credit for longevity pay purposes (RQ-0035-GA)

Dear Mr. Healey:

You ask whether, for longevity pay purposes, an assistant prosecutor is entitled to lifetime service credit for prior service as an elected district attorney, criminal district attorney, or county attorney who performed the duties of a district attorney.[1]

Chapter 41, subchapter D of the Government Code authorizes longevity pay for assistant prosecutors. It defines an assistant prosecutor as "an assistant district attorney, an assistant criminal district attorney, or an assistant county attorney to a county attorney compensated by the state to perform the duties of a district attorney." TEX. GOV'T CODE ANN. § 41.251(1) (Vernon Supp. 2003). An assistant prosecutor who "has accrued at least four years of lifetime service credit" is entitled to longevity pay. Id. § 41.252(a)(3).[2] The amount of the pay is "$20 per month for each year of lifetime service credit," not to exceed $5,000 annually. Id. § 41.253(a)[3], (c)(2).

Longevity pay under chapter 41 is clearly intended to encourage experienced felony prosecutors to remain in public service. See HOUSE COMM. ON JUDICIAL AFFAIRS, BILL ANALYSIS, Tex. H.B. 178, 77th Leg., R.S. (2001) (noting that the salaries counties pay experienced prosecutors have failed to keep pace with salaries in the private sector). As you observe, a district attorney, criminal district attorney, or county attorney who left office to become an assistant prosecutor may

---

[1]Letter from John F. Healey, Jr., Fort Bend County District Attorney, to Office of the Attorney General, at 1 (Mar. 24, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Act of May 30, 2003, 78th Leg., R.S., H.B. 1940, § 1 (to be codified as an amendment to TEX. GOV'T CODE ANN. § 41.252(a)).

[3]Id. § 2 (to be codified as an amendment to TEX. GOV'T CODE ANN. § 41.253(a)).

bring valuable prosecutorial experience to the new job.[4] You state that the public policy reflected in chapter 41 would best be served if an assistant prosecutor's prior service as an elected prosecutor may be counted as lifetime service credit, and chapter 41 should be construed accordingly.[5] However, section 41.257(a) provides the sole means for an assistant prosecutor to accrue lifetime service credit: "An assistant prosecutor accrues lifetime service credit for the period in which the assistant prosecutor serves as a full-time, part-time, or temporary assistant prosecutor." TEX. GOV'T CODE ANN. § 41.257(a) (Vernon Supp. 2003).

A court may consider a statute's purposes even when the statute is unambiguous. *Id.* § 311.023(1), (3), (5) (Vernon 1998) (Code Construction Act); *In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001). But a court may not rewrite a plainly worded, unambiguous statute on the ground that the statute is insufficient to effectuate sound public policy. *Tijerina v. City of Tyler*, 846 S.W.2d 825, 827 (Tex. 1992). The legislature is the sole judge of a statute's adequacy to achieve its intended purpose. *Ex parte Hughes*, 129 S.W.2d 270, 276 (Tex. 1939).

Under section 41.257(a), lifetime credit accrues only for service as an assistant prosecutor. The legislature did not include elected prosecutors when it defined an assistant prosecutor as "an assistant district attorney, an assistant criminal district attorney, or an assistant county attorney." TEX. GOV'T CODE ANN. § 41.251(1) (Vernon Supp. 2003). We are bound to accept the legislature's definition. *See id.* § 311.011(b) (Vernon 1998) (Code Construction Act); *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). Had the legislature intended lifetime service credit to accrue for other kinds of prior service, it surely would have said so. *See Hilco Elec. Co-op. v. Midlothian Butane Gas Co.*, 46 Tex. Sup. Ct. J. 909, 2002 WL 32126133 (July 3, 2003) (applying the rule of *ejusdem generis*: "when words of a general nature are used in connection with the designation of particular objects or classes of persons or things, the meaning of the general words will be restricted to the particular designation."). Consequently, lifetime service credit for service as an assistant prosecutor does not include prior service as an elected district attorney, criminal district attorney, or county attorney. *See* TEX. GOV'T CODE ANN. § 41.257(a) (Vernon Supp. 2003).

---

[4]Request Letter, *supra* note 1, at 2.

[5]*See id.*

## S U M M A R Y

An assistant prosecutor's prior service as an elected district attorney, criminal district attorney, or county attorney who performed the duties of a district attorney does not qualify as lifetime service credit for longevity pay purposes.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee