

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 3, 2004

The Honorable Jeff Wentworth
Chairman, Senate Jurisprudence Committee
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0225

Re: Whether a school district may offer an early payment discount to its taxpayers if the school district has contracted with a county for tax collection services and the county has discontinued early payment discounts (RQ-0179-GA)

Dear Senator Wentworth:

You ask whether a school district may offer an early payment discount to its taxpayers if the school district has contracted with a county for tax collection services and the county has discontinued early payment discounts.[1]

We have received briefs filed on behalf of the Alamo Heights Independent School District (the "District")[2] and Bexar County (the "County"),[3] which relate the facts of their particular situation. The County has been the tax collecting agent for the District since 1986, and their arrangement is embodied in an interlocal agreement. District Brief, *supra* note 2, at 1. In September 2003, the County discontinued its own early payment discounts for County taxpayers and mailed tax statements that did not offer an early payment discount to either County taxpayers or District taxpayers. *See id.*

Section 31.05(a) of the Tax Code provides for early payment tax discounts:

> The governing body of a taxing unit that collects its own taxes
> may adopt the discounts provided by Subsection (b) or Subsection (c)
> of this section, or both, in the manner required by law for official

---

[1]*See* Letter from Honorable Jeff Wentworth, Chairman, Senate Jurisprudence Committee, Texas State Senate, to Honorable Greg Abbott, Texas Attorney General (Jan. 27, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us).

[2]*See* Brief from Robert A. Schulman, Legal Counsel for Alamo Heights Independent School District, to Honorable Greg Abbott, Texas Attorney General (Feb. 6, 2004) (on file with Opinion Committee) [hereinafter District Brief].

[3]*See* Brief from Jill Torbet, Assistant District Attorney-Civil, Bexar County, to Honorable Greg Abbott, Texas Attorney General (Mar. 11, 2004) (on file with Opinion Committee).

action by the body. The discounts, if adopted, apply to taxes for a taxing unit for which the adopting taxing unit collects taxes if the governing body of the other unit, in the manner required by law for official action by the body, adopts the discounts or approves of their application to its taxes by the collecting unit. . . .

TEX. TAX. CODE ANN. § 31.05(a) (Vernon 2001).

The primary goal of statutory interpretation is to ascertain legislative intent and give it effect. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). *See In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001). To discern the Legislature's intent, we begin with a statute's plain language, because the words the Legislature chooses are the surest guide to its intent. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999). When a statute is plain and unambiguous on its face, it should generally be construed as written. *Id.* The Texas Supreme Court has stated that even when a statute is unambiguous, a court may consider, "among other things, the statute's objectives, its legislative history, and the consequences of a particular construction." *In re Canales*, 52 S.W.3d at 702. However, the court has indicated that only "exceptional circumstances" might warrant construing an unambiguous statute other than as written. *Fitzgerald*, 996 S.W.2d at 866.

The first sentence of section 31.05(a) of the Tax Code plainly authorizes the governing body of a taxing unit that collects its own taxes to adopt early payment discounts. The second sentence provides that a discount adopted by a tax collecting unit will apply to taxes collected for another tax unit, provided the noncollecting unit also adopts or authorizes the discount.

The District suggests that in the first sentence the phrase "taxing unit that collects its own taxes" means a taxing unit that has the authority to collect its own taxes whether they actually collect their own taxes or contract for others to do so. Otherwise, the District concludes, no taxing unit that did not in fact collect its own taxes would have the authority to adopt the discount. *See* District Brief, *supra* note 2, at 6-10.

We disagree for several reasons. First, the Texas Supreme Court directs that, "[i]n applying the plain and common meaning of the language in a statute, courts may not by implication enlarge the meaning of any word in the statute beyond its ordinary meaning; such implication is inappropriate when legislative intent may be gathered from a reasonable interpretation of the statute as it is written." *Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex. 1994). Here, nothing in the statute indicates that a "taxing unit that collects its own taxes" means anything other than a taxing unit that actually collects its own taxes.

Also, it must be noted that the statute uses the word "collects" in both sentences. The second sentence provides that the discount may apply to "taxes for a taxing unit for which the adopting taxing unit collects taxes." In that sentence, a unit that "collects taxes" can only mean a unit that literally collects taxes. We must assume that a "taxing unit that collects its own taxes" in the first sentence and a taxing unit that "collects taxes" in the second sentence both mean a taxing unit that literally collects taxes. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002) (stating that statutory terms should be interpreted consistently throughout an act).

Further, although the first sentence does not authorize a taxing unit that does not collect its own taxes to adopt an early payment discount, that authority may be found in the terms of the second sentence. The second sentence allows a taxing unit that does not collect its own taxes to adopt the discount, provided the taxing unit that collects the tax has adopted the discount for its own taxes. Section 31.05(a)'s plain language does not authorize a taxing unit that does not collect its own taxes to offer an early payment discount when the collecting unit that collects the taxes does not offer a discount.

Previously this office construed section 31.05(a) to the same effect:

> Under section 31.05(a), a taxing unit may adopt the discounts specified in subsections (b) and (c) for the timely payment of taxes, but only in the presence of one of two circumstances: Either the taxing unit collects its own taxes; or if it does not collect its own taxes, the unit that collects its taxes (the collecting unit) also has adopted the discounts. Section 31.05 does not permit a noncollecting taxing unit to choose to adopt the discounts unless the collecting unit has adopted the discounts. *See* Hearings on H.B. 1282 Before the House Subcommittee on Property Tax, 68th Leg. (Apr. 12, 1983) (statements of unidentified representative and committee counsel) (tape on file with House Committee Coordinator).

Tex. Att'y Gen. Op. No. DM-171 (1992) at 3 (footnote omitted). The District suggests that its construction of section 31.05(a) is consistent with DM-171 because the specific question in that opinion involved a taxing unit that did not have the authority to collect its own taxes. However, it is clear from the opinion as a whole that the interpretation of section 31.05(a) quoted above did not turn on that fact.

The District also suggests that the legislative history for section 31.05(a) supports its interpretation. Prior to 1983, section 31.05(a) provided:

> The governing body of a taxing unit that collects its own taxes may adopt [specified discounts] in the manner required by law for official action by the body. The discounts, if adopted, apply to taxes for all units for which the adopting taxing unit collects taxes.

Act of May 26, 1979, 66th Leg., R.S., ch. 841, § 1, 1979 Tex. Gen. Laws 2217, 2285 (amended 1983). As this office described section 31.05 as it read prior to 1983, "if a collecting unit adopted the discounts specified in the statute, the discounts automatically applied to all taxing units for which the collecting unit collected taxes." Tex. Att'y Gen. Op. No. DM-171 (1992) at 4. In other words, the collecting unit had sole discretion to decide whether discounts applied not only to its own taxes but to the taxes it collected for other taxing units.

In 1983, the Legislature amended section 31.05 to read as it does in its present form. Act of May 29, 1983, 68th Leg., R.S., ch. 862, § 2, 1983 Tex. Gen. Laws 4875, 4875-76. A bill analysis

states, "[t]his bill allows each taxing unit to decide whether or not to offer discounts. A collecting unit would no longer be able to make that decision for units for which it collects."[4] HOUSE COMM. ON WAYS & MEANS, BILL ANALYSIS, Tex. H.B. 1282, 68th Leg., R.S. (1983). That statement is undoubtedly true when the collecting unit has adopted the early payment discount. After 1983, a collecting unit's decision to adopt a discount no longer automatically applies to all taxes it collects. However, section 31.05's plain language does not authorize a noncollecting entity to adopt an early payment discount unless the collecting unit provides its own taxpayers with such a discount, and the legislative history of the amendment to section 31.05 does not establish an intent contrary to the plain language.

The District argues that public policy favors its interpretation of section 31.05(a): (1) taxpayers of a school district, through elected trustees, should be able to choose whether to offer an early payment discount; (2) a school district could not use a private tax collection agency to collect its taxes because the private agency would be the "tax collecting unit" authorized to decide whether to offer the discount;[5] (3) discontinuing the discount here disrupted the District's financial planning, which should be the sole province of the District trustees; and (4) if non-collecting tax units cannot depend on the collecting tax units to provide the discount, then non-collecting units would be forced to resort to more costly in-house or private collection systems resulting in unnecessary waste and duplication of public resources. District Brief, *supra* note 2, at 10-11.

Policy considerations are a matter for the Legislature. Tex. Att'y Gen. Op. No. GA-0088 (2003) at 6. We may consider a statute's purpose and the consequences of a particular construction when attempting to determine the Legislature's intent. TEX. GOV'T CODE ANN. § 311.023(1), (3), (5) (Vernon 1998) (Code Construction Act). But the policy reasons that the District identifies do not compel the conclusion that the Legislature intended section 31.05 to apply other than as written. Notions of what might constitute good policy are not a basis for disregarding plain statutory language. *Tijerina v. City of Tyler*, 846 S.W.2d 825, 828 (Tex. 1992) ("While we may permissibly consider public policy in construing the intent of the Legislature from an ambiguous provision, we cannot rewrite or . . . deconstruct a plainly worded statute because we believe it does not effectuate sound policy.").

Finally, the District suggests that its interlocal agreement may require the County to provide District taxpayers with the discount, even though the County no longer offers its own taxpayers a discount. While this office does not construe the terms of a particular contract, we will address applicable general legal principles. Tex. Att'y Gen. Op. No. GA-0176 (2004) at 2.

---

[4]Although similar statements were made in the course of a House subcommittee meeting on House Bill 1282, other statements in the meeting describe the bill as requiring the collecting unit to offer the discount before other units may adopt the discount. *See Hearings on Tex. H.B. 1282 Before the House Subcommittee on Property Tax*, 68th Leg., R.S. (Apr. 12, 1983) (statement of unidentified representative and unidentified committee counsel) (tape on file with House Video/Audio Services).

[5]This office has determined that taxing units may not delegate all duties of a tax assessor-collector to a private firm, but that the governing body of a school district or a home-rule city may contract with a private firm to provide ministerial and clerical assistance under the control and supervision of the tax assessor-collector. Tex. Att'y Gen. Op. No. JM-1025 (1989) at 11.

The governing body of an independent school district may either (1) employ a person to assess and collect its taxes, or (2) provide for assessing and collecting its taxes under chapter 6, subchapter B of the Tax Code. TEX. EDUC. CODE ANN. § 45.231(a)-(b) (Vernon 1996); TEX. TAX CODE ANN. §§ 6.21-.30 (Vernon 2001) (chapter 6, subchapter B). Under one provision in chapter 6, subchapter B, the governing body of a taxing unit such as a school district, by official action, "may require the county to assess and collect the taxes the unit imposes in the county *in the manner in which the county assesses and collects its taxes.*" TEX. TAX CODE ANN. § 6.22(c) (Vernon 2001) (emphasis added). Additionally, an intergovernmental contract may require a county tax assessor-collector to assess and collect taxes for another taxing entity. *Id.* § 6.23(a)(4). Chapter 6, subchapter B of the Tax Code does not specify the appropriate terms of such an agreement.

The Interlocal Cooperation Act authorizes one local government to contract with another to perform "governmental functions and services . . . that each party to the contract is authorized to perform individually." TEX. GOV'T CODE ANN. § 791.011(a), (c)(2) (Vernon Supp. 2004). Conversely, the Act does not authorize a local government to contract for services it is not authorized to perform individually. *See* Tex. Att'y Gen. Op. No. GA-0189 (2004) at 5. Section 31.05(a) of the Tax Code authorizes a taxing unit that does not collect its own taxes to adopt or approve only the discount adopted by the collecting tax unit. Consequently, because the Tax Code does not authorize a noncollecting tax unit to offer a discount unless its tax collecting unit offers a discount, an agreement under the Interlocal Cooperation Act may not provide to the contrary.

## SUMMARY

A school district may not offer an early payment discount to its taxpayers if the school district contracts with a county for tax collection services and the county does not offer early payment discounts for county taxes.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee