ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 3, 2005

The Honorable Robert F. Vititow
Rains County Attorney
220 West Quitman
Post Office Box 1075
Emory, Texas 75440

Opinion No. GA-0372

Re: Whether a county clerk may collect a court reporter service fee under section 51.601 of the Government Code if the county court has not appointed an official court reporter (RQ-0343-GA)

Dear Mr. Vititow:

You ask whether a county clerk may collect a court reporter service fee under section 51.601 of the Government Code if the county court has not appointed an official court reporter.[1]

Section 51.601 of the Government Code authorizes a court clerk to collect a court reporter service fee in certain circumstances:

> (a) *The clerk of each court that has an official court reporter shall collect a court reporter service fee* of $15 as a court cost in each civil case filed with the clerk to maintain a court reporter who is available for assignment in the court.
>
> (b) The clerk shall collect this fee in the manner provided for other court costs and shall deliver the fee to the county treasurer, or the person who performs the duties of the county treasurer, of the county in which the court sits. The county treasurer, or the person who performs the duties of the county treasurer, shall deposit the fees received into the court reporter service fund.
>
> (c) The commissioners court of the county shall administer the court reporter service fund to assist in the payment of court-reporter-related services, that may include maintaining an adequate number of court reporters to provide services to the courts,

---

[1]*See* Letter from Honorable Robert F. Vititow, Rains County Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (May 3, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

obtaining court reporter transcription services, closed-caption transcription machines, Braille transcription services, or other transcription services to comply with state or federal laws, or providing any other service related to the functions of a court reporter.

(d) The commissioners court shall, in administering the court reporter service fund, assist any court in which a case is filed that requires the payment of the court reporter service fee.

TEX. GOV'T CODE ANN. § 51.601(a)-(d) (Vernon 2005) (emphasis added).

As background to your question, you explain that the county court in your county uses a court reporter only when requested by the parties. *See* Request Letter, *supra* note 1, at 1. The county court has "neither a full-time or part-time reporter nor a contract with any specific reporter to use only that reporter's service." *Id*. The court "contract[s] with various court reporters on an independent contractors basis as the need arises." *Id*.

Given these facts, you ask two questions about section 51.601 of the Government Code:

Can a county clerk collect a fee pursuant to Sec. 51.601 of the Texas Government Code when the county court has neither a full-time court reporter nor a contract with a court reporter to exclusively use that reporter's service?

Is a court considered to have an official court reporter for purposes of Sec. 51.601 of the Texas Government Code when the court does not have a full-time court reporter but instead secures the services of various court reporters as independent contractors when needed?

*Id*.

Your second question asks about the meaning of the statutory term "official court reporter." *See id*. Because the meaning of the term is essential to answering your first question, we address your second question first.

In construing section 51.601, we must give effect to the legislature's intent. *See* TEX. GOV'T CODE ANN. §§ 311.021, .023 (Vernon 2005); *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999); *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To do so, we must construe it according to its plain language. *See In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001); *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607-08 (Tex. 1985); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (words and phrases to be read in context). "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 2005).

Section 51.601(a) requires "[t]he clerk of each court *that has an official court reporter*" to collect the $15.00 court reporter service fee. *Id.* § 51.601(a) (emphasis added). Chapters 51 through 57 of the Government Code govern judicial branch personnel. Chapter 51 of the Government Code, which governs court clerks, does not define the term "official court reporter." However, chapter 52, which generally governs court reporters, does define the term. In chapter 52, the term "official court reporter" means "the shorthand reporter appointed by a judge as the official court reporter." *Id.* § 52.001(3).[2] We further note that section 52.041 of the Government Code provides that "[e]ach judge of a court of record shall appoint an official court reporter. An official court reporter is a sworn officer of the court and holds office at the pleasure of the court." *Id.* § 52.041.

We believe it is clear from chapter 52 that the term "official court reporter" is a term of art that refers to a court reporter who has been appointed by a judge as the official court reporter for the court. *See id.* §§ 52.001(3), .041; *see also* Tex. Att'y Gen. Op. Nos. GA-0164 (2004) at 4 (concluding that a court reporter appointed by a court under the Family Code is an official court reporter), M-1095 (1972) at 6 (distinguishing between a reporter "taking the notes on a 'per case' basis" and an official court reporter appointed "as part of the personnel of the court"). Thus, in answer to your second question, a court that "secures the services of various court reporters as independent contractors when needed" and has not appointed an official court reporter would not be "considered to have an official court reporter for purposes of" section 51.601. Request Letter, *supra* note 1, at 1.

Your first question is whether "a county clerk [may] collect a fee pursuant to [section 51.601] when the county court has neither a full-time court reporter nor a contract with a court reporter to exclusively use that reporter's service." *Id.* By its plain terms, section 51.601(a) provides for the collection of the court reporter service fee only by the clerk of a court with an official court reporter. *See* Tex. Gov't Code Ann. § 51.601(a) (Vernon 2005) ("*The clerk of each court that has an official court reporter shall collect a court reporter service fee* of $15 as a court cost in each civil case filed with the clerk to maintain a court reporter who is available for assignment in the court.") (emphasis added). Section 51.601 does not authorize a clerk of a court that does not have an official court reporter to collect the court reporter service fee.

Finally, we note that a county court is a court of record, *see* Tex. Const. art. V, § 15, and therefore required by section 52.041 to appoint an official court reporter, *see* Tex. Gov't Code Ann. § 52.041 (Vernon 2005).[3] However, there is no requirement that the position of official court

---

[2]*See also* Tex. Gov't Code Ann. § 52.001(4) (Vernon 2005) ("Shorthand reporter" and "court reporter" mean "a person who engages in shorthand reporting."), (5) ("Shorthand reporting" and "court reporting" mean "the practice of shorthand reporting for use in litigation in the courts of this state by making a verbatim record of an oral court proceeding, deposition, or proceeding before a grand jury, referee, or court commissioner using written symbols in shorthand, machine shorthand, or oral stenography.").

[3]Unlike your county court, some courts are excepted from this general requirement by a special statute. *See, e.g., id.* §§ 25.0042(h) (Vernon 2004) ("The judge of [an Anderson County] court at law may appoint an official court reporter or the judge may contract for the services of a court reporter under guidelines established by the commissioners

(continued...)

reporter of the county court must be a full-time position. *See* Tex. Att'y Gen. Op. No. JM-1083 (1989) at 3-4;[4] *see also* Tex. Att'y Gen. Op. Nos. GA-0164 (2004) at 7 (noting that "typically, court reporters serve the judges who appoint them, rather than work traditional 40-hour-per-week jobs; their jobs are described in terms of the tasks or duties to be performed, not the number of required hours") (citing Attorney General Opinion JM-1083), GA-0155 (2004) at 6 (same). As a result, the county court could appoint as its official court reporter a person who is paid by the county on a part-time basis. If the court does so, the clerk of the court would be authorized to collect the court reporter service fee.

---

[3](...continued)
court."), 25.0392(h) ("The judge of a [Cherokee County] court at law may appoint an official court reporter or the judge may contract for the services of a court reporter under guidelines established by the commissioners court."), 25.1412(g) ("The judge of a [Lamar County] court at law may appoint an official court reporter or the judge may contract for the services of a court reporter."); *see also* Tex. Att'y Gen. Op. No. M-1095 (1972) at 5 (addressing a statute permitting but not requiring a court to appoint an official court reporter).

[4]As this office stated in Attorney General Opinion JM-1083,

> The position of court reporter is described in terms of the duties to be performed, not of the number of hours of service required each week. The number of hours required to perform the job will depend upon the number of sessions the court reporter is requested to attend, record, and reduce to a written transcript and is likely to reflect the workload of the court with which the reporter is associated. No provision fixes a salary for a county court reporter that must be paid without regard to the amount of time required to perform the duties of the position. Instead, the commissioners court sets the salary of the court reporter in accordance with chapter 152, subchapter B of the Local Government Code . . . . The commissioners court may set a salary commensurate with the number of hours worked.

Tex. Att'y Gen. Op. No. JM-1083 (1989) at 4.

## S U M M A R Y

A county clerk may not collect a court reporter service fee under section 51.601 of the Government Code if the county court has not appointed an official court reporter.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee