

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 13, 2006

Mr. C. Tom Clowe, Jr.
Chair, Texas Lottery Commission
Post Office Box 16630
Austin, Texas 78761-6630

Opinion No. GA-0410

Re: Whether the Texas Lottery Commission may award the cash equivalent of a prize to a person who is at least 18 years of age but not yet 21 years of age (RQ-0393-GA)

Dear Mr. Clowe:

You ask whether the Texas Lottery Commission may award the cash equivalent of a prize to a person who is at least 18 years of age but not yet 21 years of age.[1]

Two different statutes govern the minimum age at which a person may purchase a lottery ticket and the minimum age at which a person may directly receive prize money. Section 466.3051, which was enacted as part of the 1991 legislation that created the Texas Lottery, prohibits the sale of a lottery ticket to a person younger than 18 years of age. *See* Act of Aug. 13, 1991, 72d Leg., 1st C.S., ch. 6, § 2, sec. 4.02, 1991 Tex. Gen. Laws 197, 212 (now codified at TEX. GOV'T CODE ANN. § 466.3051 (Vernon 2004)). Both the sales agent who sells the ticket and the individual who purchases the ticket are subject to the prohibition. *See id.*[2] On the other hand, a "person 18 years of age or older may purchase a ticket to give as a gift to another person, including an individual younger than 18 years of age." *Id.* Since 1993, delivery of a prize to a person under 18 years of age has been governed by section 466.405 of the Government Code. *See* Act of Apr. 28, 1993, 73d Leg., R.S., ch. 107, § 4.03, 1993 Tex. Gen. Laws 195, 224–25. In that year the legislature amended the lottery statute by enacting the present version of section 466.405, which reads as follows:

> (a)  If a minor is entitled to prize money on a winning ticket in an amount less than $600, the director may make payment by delivery to an adult member of the minor's family, or to the minor's guardian, of a warrant payable to the order of the minor.

---

[1] *See* Letter from C. Tom Clowe, Jr., Chair, Texas Lottery Commission, to Honorable Greg Abbott, Attorney General of Texas (Sept. 13, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2] The offense of selling a ticket to an individual under 18 years of age is a Class C misdemeanor; an individual under the age of 18 years who purchases a ticket commits an offense punishable by a fine not to exceed $250. TEX. GOV'T CODE ANN. § 466.3051(e)–(f) (Vernon 2004).

(b) If a minor is entitled to prize money on a winning ticket in an amount of $600 or more, the director may direct payment to the minor by depositing the amount of the prize in any bank to the credit of an adult member of the minor's family or of the minor's guardian as custodian of the minor.

(c) The director shall pay the cash equivalent of a prize other than prize money if the person entitled to claim the prize is a minor. Payment of the cash equivalent of a prize other than prize money to a minor shall be made as provided by Subsections (a) and (b).

(d) A person designated to receive payment on behalf of a minor has the power and duties of a custodian under Chapter 141, Property Code.

(e) In this section, "adult," "bank," "custodian," "guardian," "member of a minor's family," and "minor" have the meanings assigned by Section 141.002, Property Code.

TEX. GOV'T CODE ANN. § 466.405 (Vernon 2004). Thus, a minor is permitted to receive prize money under subsections (a) and (b) or to receive "the cash equivalent" of a prize under subsection (c). "Minor" was defined in 1993, and still is, by reference to chapter 141 of the Property Code.

In 1991, chapter 141 of the Property Code defined "minor" as "an individual who is younger than 18 years of age." *See* Act of May 26, 1983, 68th Leg., R.S., ch. 576, § 141.002, 1983 Tex. Gen. Laws 3475, 3700 (former Property Code section 141.002(12)). In 1995, that provision was amended to define "minor" as "an individual who is younger than 21 years of age." *See* Act of May 27, 1995, 74th Leg., R.S., ch. 1043, § 1, sec. 2, 1995 Tex. Gen. Laws 5177 (now codified at TEX. PROP. CODE ANN. § 141.002(11) (Vernon Supp. 2005)). Thus, when these two provisions are read together, prize money or "the cash equivalent of a prize" may be awarded to a person under 21 years of age only in accordance with subsections (a)–(c) of section 466.405 of the Government Code.

You specifically ask about the award of a prize to a minor in a "second-chance drawing" that you describe as a situation "in which a person may mail in a non-winning scratch-off ticket for a chance to win a merchandise prize in a drawing." Request Letter, *supra* note 1, at 2.

Section 466.405 of the Government Code has not been amended since 1993. There is no indication that the legislature that amended the Property Code definition of "minor" in 1995 from "an individual who is younger than 18 years of age" to "an individual who is younger than 21 years of age" intended that the change not be applicable to section 466.405. Indeed, the 1995 legislation that amended the Property Code was modeled on the "Uniform Transfers to Minors Act," which was established by the National Conference of Commissioners on State Laws, and is denominated the "Texas Uniform Transfers to Minors Act." *See* TEX. HOUSE RESEARCH ORGANIZATION, BILL

ANALYSIS, Tex. H.B. 2268, 74th Leg., R.S. (1995) at 1; Act of May 27, 1995, 74th Leg., R.S., ch. 1043, § 1, sec. 1, 1995 Tex. Gen. Laws 5177 (now codified at TEX. PROP. CODE ANN. § 141.001 (Vernon Supp. 2005)). A bill analysis accompanying the 1995 legislation that adopted chapter 141 of the Property Code states that "[m]ost states have now adopted the Uniform Transfers to Minors Act" ("UTMA"). *See* TEX. HOUSE COMM. ON CIVIL PRACTICES, BILL ANALYSIS, Tex. H.B. 2268, 74th Leg., R.S. (1995) at 1. "UTMA provides greater flexibility and extends custodianships to age 21." *See id.* In effect, all that the legislature has done is to extend to the under 21 age group the same restrictions on receipt of prizes that originally applied only to persons under the age of 18. While this may seem an anomalous result in that persons between the ages of 18 and 21 are still permitted to purchase lottery tickets, we believe that it clearly comports with legislative intent. Thus, we construe both section 466.405 of the Government Code and section 141.002 of the Property Code according to their plain language. *See In Re Canales*, 52 S.W.3d 698, 702 (Tex. 2001).

Section 466.405 of the Government Code provides the answer to your question. Under subsection (c), if a minor is entitled to "a prize other than prize money," the director of the Lottery Commission is instructed to "pay the cash equivalent" of the prize. If that "cash equivalent" is in an amount less than $600, "the director may make payment by delivery to an adult member of the minor's family, or to the minor's guardian, of a warrant payable to the order of the minor." TEX. GOV'T CODE ANN. § 466.405(a) (Vernon 2004). "Member of the minor's family" is defined by the Property Code as "the minor's parent, stepparent, spouse, grandparent, brother, sister, uncle or aunt, whether of whole or half blood or by adoption." TEX. PROP. CODE ANN. § 141.002(10) (Vernon Supp. 2005). "Guardian" means "a person appointed or qualified by a court to act as general, limited, or temporary guardian of a minor's property or a person legally authorized to perform substantially the same functions." *Id.* § 141.002(8).

Likewise, if the cash equivalent is an amount of $600 or more, "the director may direct payment to the minor by depositing the amount of the prize in any bank to the credit of an adult member of the minor's family or of the minor's guardian as custodian for the minor." TEX. GOV'T CODE ANN. § 466.405(b) (Vernon 2004). "Member of the minor's family" and "guardian" have the same meanings for purposes of subsection 466.405(b) as for subsection 466.405(a). *See id.* § 466.405(e).

We conclude therefore that the Texas Lottery Commission must award the cash equivalent of a prize to a person who is at least 18 years of age but not yet 21 years of age in accordance with the terms of section 466.405 of the Government Code.

## S U M M A R Y

For purposes of the State Lottery Act, a "minor" is an individual who has not yet attained the age of 21 years. The Texas Lottery Commission must award the cash equivalent of a prize to a person who is at least 18 years of age but not yet 21 years of age in accordance with the terms of section 466.405 of the Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee