February 21, 2007

The Honorable Susan D. Reed
Bexar County Criminal District Attorney
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

Opinion No. GA-0521

Re: Whether funds collected by a county clerk as part of the records management and preservation fee may be used to purchase certain archival records (RQ-0525-GA)

Dear Ms. Reed:

You ask whether funds collected by a county clerk as part of the records management and preservation fee may be used to purchase certain archival records.[1]

You indicate that the document at issue

> consists of verified correspondence from William E. Howth, a Colonel under Ben Milam, and third signer of the first Declaration of Independence at Goliad, to Don Jose Antonio Navarro, dated September 10, 1838, and addresses Navarro's election to the Congress of the Republic of Texas on the grounds of "Voting Irregularities." The document is addressed to the "Republic of Texas, County of Bexar" and to Mr. Navarro and is a notice of intent to take the deposition of A.B. Col. [EFH] who is believed to have been a polling clerk or other election official.

Request Letter, *supra* note 1, at 2. You declare that, although the county clerk has in his possession a copy of the document, the clerk believes that the original "document was . . . part of the permanent records of the County and must be returned to those records as part of his duties of preservation and records retention completeness." *Id.* at 3.

Pursuant to section 118.011(b) of the Local Government Code, a county clerk "may set and collect . . . from any person" a records management and preservation fee of "not more than $5" for non-court-related services. TEX. LOC. GOV'T CODE ANN. § 118.011(b) (Vernon Supp. 2006). The

---

[1]*See* Letter from Honorable Susan D. Reed, Bexar County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Aug. 24, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

referenced fee "is for the records management and preservation services performed by the county clerk after the filing and recording of a document in the records of the office of the clerk." *Id.* § 118.0216(a). "The fee may be used only to provide funds for specific records management and preservation, including for automation purposes." *Id.* § 118.0216(d). Another statutory provision directs a commissioners court to "establish a county clerk records management and preservation fund for fees subject to Section 118.0216 and approve in advance any expenditures from the fund." *Id.* § 203.003(5) (Vernon 1999).

The primary purpose of statutory construction is to ascertain and give effect to the Legislature's intent. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). In order to ascertain legislative intent, we begin by construing a statute according to its plain language. *See In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001). As we have noted, the records management and preservation fee described by section 118.011 of the Local Government Code is to be used "for the records management and preservation services performed by the county clerk *after the filing and recording of a document in the records of the office of the clerk.*" TEX. LOC. GOV'T CODE ANN. § 118.0216(a) (Vernon Supp. 2006) (emphasis added). The original of the document at issue here, while it may or may not have been originally filed and recorded in the records of the county clerk, is not at present a part of those records. In our view, the fee described by section 118.011 may not be used to purchase original records that are not in the clerk's possession. Rather, its use is restricted to "records management and preservation services performed by the county clerk after the filing and recording of a document in the records of the office of the clerk." *Id.*

## S U M M A R Y

The records management and preservation fee described by section 118.011 of the Local Government Code may not be used to purchase original records that are not currently in the possession of the county clerk. The use of the fee is restricted to "records management and preservation services performed by the county clerk after the filing and recording of a document in the records of the office of the clerk." TEX. LOC. GOV'T CODE ANN. § 118.0216(a) (Vernon Supp. 2006).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee