

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 1, 2007

The Honorable Rodney Ellis
Chair, Committee on Government Organization
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0512

Re:  Whether the Texas Department of Criminal Justice may adopt a rule or policy requiring mandatory testing of incoming offenders for human immunodeficiency virus (RQ-0518-GA)

Dear Senator Ellis:

You ask whether the Texas Department of Criminal Justice (the "TDCJ") may adopt a rule or policy requiring mandatory testing of incoming offenders for human immunodeficiency virus ("HIV").[1]

Chapter 492 of the Government Code describes the powers and duties of the Texas Board of Criminal Justice. The Texas Board of Criminal Justice (the "Board") governs the TDCJ. TEX. GOV'T CODE ANN. §§ 491.001(1), 492.001 (Vernon 2004). The Board is authorized to "adopt rules as necessary for its own procedures and for operation" of the TDCJ. *Id.* § 492.013(a). Chapter 493 of the Government Code describes the organization and operation of the TDCJ. Among the divisions within the TDCJ are "the institutional division" and "the state jail division." *Id.* § 493.002(a)(2), (4). The institutional division is directed to "operate and manage the state prison system." *Id.* § 493.004. The state jail division is required to "operate and manage state jails to confine defendants described by Section 507.002." *Id.* § 493.0051.[2]

In construing a statute, we must give effect to the Legislature's intent. *See Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999). In order to ascertain that intent, we begin by construing a statute according to its plain language. *See In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001). Section 501.054(i) of the Government Code addresses HIV testing of inmates in the institutional division and provides:

---

[1]Letter from Honorable Rodney Ellis, Chair, Senate Committee on Government Organization, to Honorable Greg Abbott, Attorney General of Texas (Aug. 2, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Section 507.002 provides that "[t]he state jail division may confine in a state jail felony facility authorized by this subchapter defendants required by a judge to serve a term of confinement in a state jail felony facility following a grant of deferred adjudication for or conviction of an offense punishable as a state jail felony." TEX. GOV'T CODE ANN. § 507.002 (Vernon 2004).

> The institutional division may test an inmate confined in a facility operated by the [institutional] division for human immunodeficiency virus *at any time*, but must test an inmate who is eligible for release before the inmate is released from the division. If the institutional division determines that an inmate has a positive test result, the division may segregate the inmate from other inmates. The institutional division shall report the results of a positive test to the Department of State Health Services for the purposes of notification and reporting as described by Sections 81.050–81.052, Health and Safety Code.

TEX. GOV'T CODE ANN. § 501.054(i) (Vernon Supp. 2006) (emphasis added). This section was amended by the Seventy-ninth Legislature in House Bill 43. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1184, § 1, 2005 Tex. Gen. Laws 3891, 3891. As the Senate sponsor of this bill, you state that it "required mandatory HIV testing for all offenders prior to the release of an offender." Request Letter, *supra* note 1, at 1. In addition to this requirement, House Bill 43 also added language that permits the institutional division of TDCJ to test an inmate for HIV "at any time." Act of May 25, 2005, 79th Leg., R.S., ch. 1184, § 1, 2005 Tex. Gen. Laws 3891, 3891; TEX. GOV'T CODE ANN. § 501.054(i) (Vernon Supp. 2006).

Because the plain language of section 501.054(i) permits the institutional division to test an inmate confined in any of its facilities "at any time," the Board may, but is not required to, adopt a rule or policy that compels mandatory HIV testing for incoming offenders to the institutional division.

We next consider chapter 507 of the Government Code, which relates to the state jail division. Another portion of House Bill 43 amended section 507.023(b) of the Government Code to read as follows:

> The state jail division shall adopt a policy for handling a defendant with AIDS or HIV and shall test a defendant for AIDS or HIV in the same manner and subject to the same conditions as apply to the institutional division under Section 501.054.

TEX. GOV'T CODE ANN. § 507.023(b) (Vernon Supp. 2006). The only change made to this section was the substitution of the phrase "shall test" for "may test." Act of May 25, 2005, 79th Leg., R.S., ch. 1184, § 1, 2005 Tex. Gen. Laws 3891, 3891. The state jail division, like the institutional division, is governed by the Board, and the Board is authorized to "adopt rules as necessary for its own procedures and for operation" of the TDCJ. TEX. GOV'T CODE ANN. §§ 492.001, .013(a) (Vernon 2004). The plain language of section 507.023(b) applies to the state jail division the terms of section 501.054(i), which as we have noted permits, but does not require, the Board to adopt a policy requiring mandatory HIV testing for incoming offenders.

We conclude that the Board is authorized to adopt a rule or policy requiring mandatory testing for human immunodeficiency virus of incoming offenders in both the institutional division and the state jail division.

# S U M M A R Y

The Texas Board of Criminal Justice is authorized to adopt a rule or policy requiring mandatory testing for human immunodeficiency virus of incoming offenders in both the institutional division and the state jail division.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee