

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 30, 2007

The Honorable Jane Nelson
Chair, Committee on Health
  and Human Services
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0508

Re: Whether the requirements of section 265.004(a) of the Family Code apply to all prevention and early intervention programs funded by the Department of Family and Protective Services (RQ-0513-GA)

Dear Senator Nelson:

You ask whether the requirements of section 265.004(a) of the Family Code apply to all prevention and early intervention programs funded by the Department of Family and Protective Services (the "DFPS").[1]

Chapter 265 of the Family Code, originally enacted in 1999, requires the DFPS, formerly the Department of Protective and Regulatory Services, to

> operate a division to provide services for children in at-risk situations and for the families of those children and to achieve the consolidation of prevention and early intervention services within the jurisdiction of a single agency in order to avoid fragmentation and duplication of services and to increase the accountability for the delivery and administration of these services.

TEX. FAM. CODE ANN. § 265.002 (Vernon 2002). The division responsible for providing these services "shall be called the prevention and early intervention services division." *Id.* "Prevention and early intervention services" is defined as "programs intended to provide early intervention or prevent at-risk behaviors that lead to child abuse, delinquency, running away, truancy, and dropping out of school." *Id.* § 265.001(3).

---

[1]*See* Letter from Honorable Jane Nelson, Chair, Senate Committee on Health and Human Services, to Honorable Greg Abbott, Attorney General of Texas (July 20, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

In its 2005 regular session, the Legislature enacted section 265.004, entitled "Use of Evidence-Based Programs for At-Risk Families," which provides:

> (a) To the extent that money is appropriated for the purpose, the department shall fund evidence-based programs offered by community-based organizations that are designed to prevent or ameliorate child abuse and neglect.

> (b) The department shall place priority on programs that target children whose race or ethnicity is disproportionately represented in the child protective services system.

> (c) The department shall periodically evaluate the evidence-based abuse and neglect prevention programs to determine the continued effectiveness of the programs.

*Id.* § 265.004 (Vernon Supp. 2006). Your question is whether the requirement that programs be evidence-based applies only to programs "designed to prevent or ameliorate child abuse and neglect," or whether the "evidence-based" requirement extends to all programs governed by chapter 265. *See* Request Letter, *supra* note 1.

In construing a statute, we must give effect to the Legislature's intent. *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999). In order to ascertain legislative intent, we begin by construing a statute according to its plain language. *In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001). The plain language of section 265.004(a) requires the DFPS to "fund evidence-based programs . . . *that are designed to prevent or ameliorate child abuse and neglect*." TEX. FAM. CODE ANN. § 265.004(a) (Vernon Supp. 2006) (emphasis added). Because this statute specifically limits the requirement of evidence-based programs to those that are "designed to prevent or ameliorate child abuse and neglect," the statute necessarily implies that the requirement of evidence-based programs is not applicable to all programs governed by chapter 265. *See Laidlaw Waste Systems (Dallas) Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995) ("When the Legislature employs a term in one section of a statute and excludes it in another section, the term should not be implied where excluded.").

We conclude that the requirement for "evidence-based" programs in section 265.004(a) of the Family Code is applicable only to programs of the DFPS that are "designed to prevent or ameliorate child abuse and neglect" rather than to all programs funded by the DFPS.

## S U M M A R Y

The requirement for "evidence-based" programs in section 265.004(a) of the Family Code is applicable only to programs of the Department of Family and Protective Services that are "designed to prevent or ameliorate child abuse and neglect" rather than to all programs funded by that Department.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee