*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★   ★   ★   ★   ★   ★

# MEMORANDUM OPINION

No. 04-09-00381-CV

**IN RE** Jesse K. **PRATHER**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Karen Angelini, Justice
            Rebecca Simmons, Justice
            Marialyn Barnard, Justice

Delivered and Filed:   July 22, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On June 25, 2009, relator Jesse K. Prather filed a petition for writ of mandamus, seeking a

determination that the trial court's judgment is void because the respondent failed to recuse himself

under Texas Government Code section 74.053.

Section 74.053(c) provides that an objection must be "filed not later than the seventh day

after the date the party receives actual notice of the assignment or before the date the first hearing

or trial, including pretrial hearings, commences, whichever date occurs earlier." TEX. GOV. CODE

---

[1] ⬆ This proceeding arises out of Cause Nos. 08-03-00042-CVK, styled *Jesse K. Prather v. Tex. Bd. of Criminal Justice, et al.,* and 08-07-00106-CVK, styled *Jesse K. Prather v. Darren B. Wallace et al.*, in the 218th Judicial District Court, Karnes County, Texas, the Honorable Stella Saxon presiding. However, the order complained of was signed by the Honorable Bert Richardson, sitting by assignment.

§ 74.053(c). Relator asserts he was first made aware of respondent's assignment at the May 8, 2009 hearing, and he orally objected to the assignment at that time. Relator further asserts he orally objected to the assignment of the respondent during the May 22, 2009 hearing that resulted in a dismissal of his case. However, there is nothing in the record to indicate relator filed a written objection with the trial court in accordance with section 74.053. Therefore, relator waived his objection to the assignment of the respondent. *See In re Canales*, 52 S.W.3d 698, 704 (Tex. 2001). Accordingly, relator's petition for writ of mandamus is denied.

Additionally, relator filed a request for leave to file his petition for writ of mandamus. No leave is required to file a petition for a writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file is DENIED as moot.

PER CURIAM