**METHODIST HOSPITALS OF DAL-LAS d/b/a Methodist Medical Center, Appellant**

v.

**MID–CENTURY INSURANCE COMPANY OF TEXAS, Appellee.**

**No. 05–07–00897–CV.**

Court of Appeals of Texas, Dallas.

July 2, 2008.

Blair Grant Francis, Joe Don Ridgell, Francis, Orr & Totusek, L.L.P., Dallas, TX, for Appellant.

Hermon L. Veness, Jr., Carnahan Thomas, L.L.P., Southlake, TX, for Appellee.

Before Justices MORRIS, WHITTINGTON, and FITZGERALD.

**OPINION**

Opinion by Justice MORRIS.

In this hospital lien case, Methodist Hospitals of Dallas d/b/a Methodist Medical Center contends the trial court erred in concluding it had not properly secured its lien and granting a summary judgment in favor of Mid–Century Insurance Company of Texas. Asserting four points of error, Methodist contends its lien satisfied the requirements of section 55.005 of the Texas Property Code and Mid–Century was not entitled to a no-evidence summary judgment. After reviewing the summary judgment record, we conclude Methodist did not substantially comply with the requirements of section 55.005. We affirm the trial court's judgment.

I.

On October 11, 1999, Lori Ward was involved in a car accident with a person insured by Mid–Century Insurance Company. Ward was taken to Methodist Medical Center where she was treated for her injuries. The bill for the medical services and supplies provided to Ward by Methodist was $8,656.75.

Ward made a claim with Mid–Century for the damages she suffered as a result of the accident. Mid–Century evaluated the claim and offered her its policy limits. The claim was settled on September 6, 2000. Mid–Century issued a check dated September 20, 2000 made jointly payable to Ward and her attorney, Juan Hernandez. Hernandez testified that someone from his office picked up the check that same day.

One day later, on the afternoon of September 21, 2000, Methodist filed a written notice of lien for the medical services and supplies provided to Ward. The lien listed Ward as the injured person treated by

Methodist. In addition, however, the notice incorrectly listed the date of the accident as October 12, 1999 and stated the person liable for the accident was Ward rather than the third party insured by Mid–Century. Finally, the notice incorrectly stated the amount of the lien as $9,189.29. The lien was filed with the county clerk and was made available to the public approximately ten to twelve days later.

When Methodist discovered that the settlement proceeds from Mid–Century had been disbursed, it filed this suit against Mid–Century and Hernandez to enforce its lien.[1] Mid–Century moved for a traditional and no-evidence summary judgment arguing that Methodist failed to properly secure its lien as required by section 55.005 of the Texas Property Code. Methodist replied and filed a cross-motion for summary judgment arguing that it complied with the requirements of section 55.005 as a matter of law. After considering the motions, the trial court granted Mid–Century's motion for summary judgment and denied Methodist's cross-motion for summary judgment. The court ordered that Methodist take nothing by its claims. This appeal ensued.

## II.

Methodist raises four issues on appeal challenging the trial court's decision to render summary judgment against it. Because we conclude Methodist's third issue is dispositive of this appeal, we begin by addressing that issue.

■ It its third issue, Methodist contends its notice of lien substantially complied with the requirements of section 55.005(b). Section 55.005(b) states that a notice of lien filed by a hospital or emergency medical services provider must contain: (1) the injured individual's name and address; (2) the date of the accident; (3) the name and location of the hospital or emergency services provider claiming the lien; and (4) the name of the person alleged to be liable for damages arising from the injury, if known. TEX. PROP.CODE ANN. § 55.005(b) (Vernon 2007). As stated above, the notice of lien filed by Methodist incorrectly stated the date of the accident and listed Ward, the injured person, as the person liable for the damages.

■ Methodist first argues that, because a hospital lien is statutorily created, substantial compliance with the notice requirements is all that is required for the lien to be enforceable. *See Citicorp Real Estate, Inc. v. Banque Arabe Internationale D' Investissement,* 747 S.W.2d 926, 929 (Tex.App.-Dallas 1988, writ denied) (substantial compliance all that is required for statutorily created judicial lien). Even assuming substantial compliance with the notice requirements is sufficient for a hospital lien to be enforceable, we conclude the notice at issue in this case did not substantially comply with the requirements of section 55.005(b). "Substantial compliance" does not permit a party to ignore statutory requirements. *See Wesco Distribution, Inc. v. Westport Group, Inc.,* 150 S.W.3d 553, 559 (Tex.App.-Austin 2004, no pet.). Even if we liberally construe a statute to achieve its purposes, we may not enlarge or alter the plain meaning of the statutory language. *See Conn, Sherrod & Co. v. Tri–Electric Supply Co.,* 535 S.W.2d 31, 34 (Tex.Civ.App.-Tyler 1976, writ ref'd n.r.e.).

■ Taken together, the errors made by Methodist in its notice of lien render the lien unenforceable. Of the four statutory notice requirements, Methodist only complied with two. Methodist contends its

---

**1.** Methodist later dismissed its claims against Hernandez.

error in stating the date of the accident is a minor discrepancy because the actual date of the accident was only an hour and twenty-four minutes earlier. There is nothing on the notice to indicate the time of the accident, however. And the date of the accident is a critical component of the notice. Because the lien attaches only to a cause of action, judgment, or settlement based on the accident giving rise to the injuries treated by the hospital, the date of the accident listed on the notice is crucial. *See* TEX. PROP.CODE ANN. § 55.003. It is by comparing the date and the name of the responsible party, if known, that one can determine whether the accident made the subject of the legal claims is the same as the accident made the subject of the lien. There is nothing on Methodist's notice of lien that would enable someone searching the record to determine that the lien was intended to attach to the accident occurring on an earlier date.

Methodist further argues that its listing of Ward as the liable party does not render the notice out of compliance with the statute because the name of the liable party is not required. The statute requires the name of the liable party only "if known." *See id.* § 55.005(b)(4). Having undertaken to name the liable party, however, it was incumbent upon Methodist to name the correct party. Indeed, by naming Ward as the liable party, the notice of lien appears unenforceable on its face. A hospital can impose a lien only on a cause of action or claim that an individual has for injuries "caused by an accident attributed to the negligence *of another person." See id.* § 55.002(a) (emphasis added). By naming Ward as both the injured party and the liable party, the notice appears to negate the element that the accident was attributed to the negligence of another person.

To adopt Methodist's argument that its notice of lien substantially complied with the requirements of section 55.005 would vitiate the requirements of the statute. We conclude the trial court properly ruled Methodist's lien was unenforceable under section 55.005. Because of our resolution of this issue, it is unnecessary for us to Methodist's the other issues.

We affirm the trial court's judgment.