Opinion issued March 17, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00408-CV

———————————

Memorial Hermann Hospital System, Appellant

V.

Progressive
County Mutual Insurance Company, Appellee



 



 

On Appeal from the 113th District Court

Harris County, Texas



Trial Court Case No. 2009-34422-A

 



 

O P I N I O N

Under the
Texas Hospital Lien Law, a hospital “has a lien on a cause of action or claim
of an individual who receives hospital services for injuries caused by an accident
that is attributed to the negligence of another person.”  Tex.
Prop. Code Ann. § 55.002 (West 2007).  To secure the lien, section 55.005 of the
Texas Property Code requires that a hospital file notice with the county clerk
before payment to the entitled party.  The statute also declares that the county
clerk “shall index the record in the name of the injured individual.”  Tex.
Prop. Code Ann. § 55.005 (West 2007).  

In this case, Progressive County Mutual
Insurance Company (Progressive) settled a claim brought by Carlos Martinez
against its insured arising out of Martinez’s injuries in a car accident.  Memorial Hermann Hospital filed a hospital
lien for the cost of Martinez’s medical treatment half an hour before
Progressive issued the settlement check. 
A hospital lien usually attaches to settlement proceeds, and an
insurance company usually names the hospital lienholder as a payee on the
settlement check.  But in this case,
because the clerk had not yet indexed the lien, Progressive maintains that it
was unaware of the lien and, therefore, it did not name Memorial Hermann as a
payee.  

The trial court’s summary judgment
ruling interprets the hospital lien law as requiring that the clerk index the
lien before it can be considered secured, and thus holds that the timing of the
indexing controls perfection of the lien.  Memorial Hermann contends on appeal that the lien
is secured on filing, and thus it was entitled to allocation of the settlement
proceeds.  We agree.  We therefore reverse the summary judgment and
remand the case for further proceedings.

Background

On October 29, 2007, a driver
insured by Progressive caused a car accident that injured Carlos Martinez.  Martinez was transported from the accident
site to Memorial Hermann Hospital where he received treatment for his injuries.
 The cost of his treatment totaled
$130,365.92. 

On November 20, 2007, Progressive and
Martinez settled his negligence suit arising out of the accident.   Progressive issued a check to Martinez, his
wife, their attorney, and Memorial Hermann for $100,007.00. 

The parties did not cash the
check.  Shortly after receiving it, the Martinezes’
counsel contacted Progressive and asked it to issue a new check that did not
include Memorial Hermann as a payee. 
Counsel explained that Memorial Hermann had not filed a lien notice for
the cost of Martinez’s treatment, so the Martinezes were not required to
allocate their settlement proceeds toward payment of the hospital bill. 

Progressive re-issued the check as
directed at 3:23 P.M. on December 12, 2007. Thirty minutes before, on the same
date, Memorial Hermann had filed its notice of lien with the Harris County
Clerk’s Office.  

Before issuing each check, Progressive
conducted lien searches on the county clerk’s website. It conducted a search on
November 19 before issuing the first check. 
On the afternoon of December 12, before issuing the second check, Progressive
searched the website twice, first at 2:25 P.M., and again at 3:30 P.M. None of
the searches revealed the existence of a lien on the Martinez settlement.

According to the county clerk, the
process of recording and indexing the lien usually takes two business days
after filing.  The clerk testified that
the Memorial Hermann lien on Martinez’s settlement was not indexed until
December 17, 2007. 

Progressive moved for summary
judgment on both traditional and no-evidence grounds, contending that Memorial
Hermann was not entitled to the settlement proceeds because it could not show
that the Harris County Clerk had indexed its hospital lien on Martinez’s
personal injury claim proceeds before Progressive paid out the settlement. The
trial court granted the motion, and Memorial Hermann appeals.




 

Discussion

I.       Summary
judgment standard of review

We review de novo the trial court’s
grant of a motion for summary judgment. Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009). After an adequate time for discovery, a party may move for
no-evidence summary judgment if no
evidence exists of one or more essential elements of a claim or defense on
which the adverse party bears the burden of proof at trial. Tex. R. Civ. P. 166a(i); see also Hamilton
v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008). The trial court must grant a
no-evidence summary judgment motion
unless the non-movant produces competent summary judgment evidence that raises a genuine issue of material
fact on each element specified in the motion. Tex.
R. Civ. P. 166a(i); Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572,
582 (Tex. 2006). In a traditional motion for summary judgment, the movant must establish that no genuine issue of
material fact exists and the movant is thus entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c). To
determine if the non-movant raises a fact issue, we review the evidence in the
light most favorable to the non-movant, crediting favorable evidence if
reasonable jurors could do so, and disregarding contrary evidence unless
reasonable jurors could not. See Fielding, 289 S.W.3d at 848 (citing City
of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)).

When, as here, a party moves for
summary judgment on both traditional and no-evidence grounds, we first review
the trial court’s decision under the no-evidence standard. See Tex. R. Civ. P. 166a(i). If the
non-movant failed to produce more than a scintilla of evidence raising a
genuine issue of fact on the challenged elements of his claim, we need not
consider whether the movant met his burden on the motion for traditional
summary judgment. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).

II.      Interpretation
of Hospital Lien Law

This case concerns the proper
reading of the hospital lien statute.  Statutory
interpretation is a question of law that we review de novo.  Bragg v. Edwards Aquifer Auth., 71
S.W.3d 729, 734 (Tex. 2002); In re Canales, 52 S.W.3d 698, 701 (Tex. 2001).
 Our primary goal in interpreting a
statute is to ascertain and to
effectuate the legislative intent.  Id.
at 702.  In doing so, we examine the
statute’s plain language. Helena Chem. Co. v. Wilkins, 47 S.W.3d 486,
493 (Tex. 2001); Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996
S.W.2d 864, 865 (Tex. 1999).  We presume
the legislature included each word in the statute for a purpose and that words
not included were purposefully omitted. In
re M.N., 262 S.W.3d 799, 802 (Tex. 2008). 
We may also consider:  the object
sought to be obtained; the circumstances of the statute’s enactment; the
legislative history; the common law or former statutory provisions, including
laws on the same or similar subjects; the consequences of a particular
construction; administrative construction of the statute; and the title,
preamble, and emergency provision.  Tex. Gov’t Code Ann. § 311.023 (West
1998); Helena Chem. Co., 47 S.W.3d at 493 (citing Ken Petroleum Corp.
v. Questor Drilling Corp., 24 S.W.3d 344, 350 (Tex. 2000)). Additionally, we
presume that the legislature intended a just and reasonable result; a result
feasible of execution; the entire statute to be effective; and the public
interest to be favored over any private interest.  Tex.
Gov't Code Ann. § 311.021 (West 2005); Helena Chem. Co., 47
S.W.3d at 493. 

The Texas Hospital Lien Law allows a
hospital to place a lien on the claim of an individual who receives medical
care for injuries from an accident caused by the negligence of another. Tex. Prop. Code Ann. § 55.002.  To secure a lien, the statute prescribes the
following procedure:

 (a)    .
. . . a hospital or emergency medical services provider must file written
notice of the lien with the county clerk of the county in which the services
were provided. The notice must be filed before money is paid to an entitled
person because of the injury.

(b)     The notice must contain:

(1)     the injured individual’s name and address;

(2)     the date of the accident;

(3)     the name and location of the hospital or emergency medical
services provider claiming the lien; and

(4)     the name of the person alleged to be liable for damages arising
from the injury, if known.

(c)      The county clerk shall record the name of the injured
individual, the date of the accident, and the name and address of the hospital
or emergency medical services provider and shall index the record in the name
of the injured individual.

Tex. Prop. Code Ann. § 55.005.


In granting summary judgment, the
trial court interpreted the requirement that the lien notice be filed “before
money is paid,” set out in subsection (a), as applying to subsection (c)—the clerk’s
recording and indexing requirement.  Memorial Hermann contends that this
interpretation is incorrect; the county clerk’s ministerial recording and
indexing is not required to secure the lien.

We read the plain language of section
55.005 as providing that a lien is secured when the lienholder properly files with
the county clerk a written notice of lien that complies with the statutory
requirements.  Subsection (a) contains
the only temporal restriction relating to the lien.  See
Tex. Prop. Code Ann.
§ 55.005(a) (“[N]otice must be filed before money is paid . . . .”).  The temporal language is in passive voice,
but it refers only to the action of filing, and does not refer to the county
clerk’s obligation.  The language preceding
the temporal language makes the hospital responsible for filing the lien notice.  The requirement that the lien notice “be
filed before money is paid” thus applies only to the filing requirement, which falls
squarely on the hospital.  See Spradlin v. Jim Walter Homes, Inc., 34
S.W.3d 578, 580 (Tex. 2000) (describing doctrine of last antecedent, a canon of
statutory construction instructing that “that a qualifying phrase. . . must be
confined to the words and phrases immediately preceding it to which it may,
without impairing the meaning of the sentence, be applied.”).  

Subsection (c) requires the county clerk
to index the lien, but does not set any deadline.  Progressive claims that section 13.002 of the
Property Code, which declares that a properly recorded instrument is “notice to
all persons of its existence” and “subject to inspection by the public,” is
evidence that the legislature intended that proper recordation be necessary to
provide the public with notice.  See Tex.
Prop. Code Ann. § 13.002 (West 2004).  According to Progressive, the provision’s
emphasis on recording, rather than filing, supports the conclusion that the
lien is not effective until it is properly recorded.  The Property Code, however, specifies that the
duty of proper recordation belongs to the county clerk.  Tex.
Prop. Code Ann. § 11.004(a) (West 2004) (providing that clerk must correctly
record instruments, as required by law, “within a reasonable time after
delivery”).  Section 11.004 also makes
the county clerk liable for damages and civil penalties if it violates the
specified recordation requirements.  See Tex.
Prop. Code Ann. § 11.004(b). 
Progressive’s proffered interpretation would potentially expose the
county clerk to liability under circumstances like those presented here, that
is, when the hospital files its notice of lien timely but the insurer issues
the settlement check before the clerk records the notice of lien.  We do not believe that the legislature
intended that result.[1]  Other statutory provisions similar to section
55.005 emphasize the lienholder’s filing responsibility and expressly disclaim
any consequence from a delay or error in the clerk’s ministerial duty to index
lien notices.  See Tex. Bus. & Com.
Code Ann. § 9.517 (West Supp. 2010) (“The failure of the filing
office to index a record or to correctly index information contained in a
record does not affect the effectiveness of the filed record.”); Tex. Agric. Code Ann. § 128.048
(West 2004) (providing that, with respect to chemical and seed liens, Chapter 9
of Business & Commerce Code applies to extent it is otherwise consistent
with chapter); Tex. Prop. Code Ann.
§ 53.052 (West 2007) (declaring that person claiming lien arising from a
residential construction project must file affidavit with county clerk “not
later than the 15th day of the third calendar month after the day on which the
indebtedness accrues not later than the 15th day of the third calendar month
after the day on which the indebtedness accrues,” and requiring county
clerk to record, index, and cross-index affidavit, but specifying that “[f]ailure
of the county clerk to properly record or index a filed affidavit does not
invalidate the lien.”).  Further, the
statutes consistently instruct the clerk to record liens according to the date
and time of the filing or receipt, not by the date of indexing or
recording.  See Tex. Bus. & Com.
Code Ann. § 261.008 (West 2009) (requiring secretary of state to note
“day and hour of receipt” on utility security instruments); Tex. Fam. Code Ann. § 157.316 (West
Supp. 2010) (providing that child support lien is perfected when abstract of
judgment for past due child support or child support lien notice is filed or delivered).

Our interpretation of section
55.005 comports with the law’s purpose, which “is to provide hospitals an
additional method of securing payment for medical services, thus encouraging
the prompt and adequate treatment of accident victims.” Bashara v. Baptist Mem’l Hosp. Sys., 685 S.W.2d 307, 309 (Tex. 1985),
quoted in Daughters of Charity Health
Servs. of Waco v. Linndstaedter, 226 S.W. 3d 409, 411 (Tex. 2007); Members Mut. Ins. Co. v. Hermann Hosp.,
664 S.W.2d 325, 326 (Tex. 1984) (explaining that legislature aimed to encourage
hospitals to treat persons injured in accidents on emergency basis by providing
means of obtaining compensation for care of patients who otherwise would be unable
to pay).  

Applying the plain language of the statute
to the facts, Memorial Hermann’s lien on Martinez’s settlement proceeds was
secured before Progressive executed the check for payment of the
settlement.  

B.      Effect of corporate representative’s deposition
testimony

Memorial Hermann’s corporate representative,
Michael Bennett, testified in his deposition that he did not believe the lien
in this case was properly secured according to statute.  Progressive included an excerpt of this
testimony as evidence in support of its motion for summary judgment, arguing
that Bennett’s statement estopped Memorial Hermann from taking a contrary
position. Memorial Hermann complains of the summary judgment to the extent it
relies on this testimony.  

“[A]ssertions of fact, not pleaded
in the alternative, in the live pleadings of a party are regarded as formal
judicial admissions.”  Holy Cross Church of God in Christ v. Wolf,
44 S.W.3d 562, 568 (Tex. 2001) (quoting Houston
First Am. Sav. v. Musick, 650 S.W.2d 764, 767 (Tex.1983)).  Bennett’s statement is one of opinion, not
fact.  See Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996)
(holding that affidavit containing opinion that “failure to notify amounts to
concealment or a known violation of the specifications and industry practice,” was
conclusory and did not raise a fact issue in support of summary judgment); TX Far West, Ltd. v. Tex. Invs. Mgmt., Inc.,
127 S.W.3d 295, 307–08 (Tex. App.—Austin 2004, no pet.) (holding that affiant’s
opinion that restrictive covenant had neither been abandoned nor its
enforcement waived stated only legal conclusion and thus could not support
summary judgment).  Bennett’s opinion
cannot trump the application of the statute’s plain language to undisputed
facts. 

Conclusion

We hold that, under the Texas
Hospital Lien Law, Memorial Hermann’s lien was secured on filing, which was
accomplished before Progressive paid out the settlement funds.  We therefore reverse the summary judgment and
remand the case for further proceedings consistent with this opinion.

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland. 

 











[1]           Progressive also relies on Methodist Hospitals of Dallas v. Mid-Century
Insurance Co. of Texas, 259 S.W.3d 358 (Tex. App.—Dallas 2008, no pet.), in
contending that section 55.005 requires strict adherence, but our conclusion
that Memorial Hermann’s notice of lien complies with the statutory requirements
renders that case inapposite.  In Methodist, the Dallas court of appeals
affirmed summary judgment in favor of the insurer on the grounds that
substantive errors in the notice rendered the lien unenforceable.  Id.
at 360–61.  The court rejected the
hospital’s contention that it had substantially complied with the statutory
requirements, concluding that (1) the error in specifying the date of the
accident was not insubstantial because the express language of the statute made
the date of the accident “a critical component of the notice,” and (2) the
error in listing the injured person—instead of Mid-Century’s insured—as the
person liable for the damages made the lien notice unenforceable on its
face.  Id. at 361.  Interestingly,
the court of appeals noted in passing that the hospital filed the lien a day
after the insurer issued the settlement check, but did not address the issue of
the lien notice’s timeliness.  See id. at 359–60.