Opinion issued June 14, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00792-CV

———————————

Marvin Martin and Natalie Arceneaux, Appellant

V.

New Century
Mortgage Company, Carrington Mortgage Services, LLC, and Barclays Capital Real
Estate, Inc. d/b/a Home Q Servicing, Appellee



 



 

On Appeal from the 240th District Court 

Fort Bend County, Texas



Trial Court Case No. 10DCV179805

 



 

 

OPINION

This contractual standing case arises
out of an attempted non-judicial foreclosure of a mortgage loan.  Homeowners Marvin Martin and Natalie Arceneaux appeal the trial court’s summary judgment order
in favor of New Century Mortgage Corporation, Carrington Mortgage Services, and
Barclays Capital Real Estate, Inc. d/b/a Home Q Servicing.  Wells Fargo Bank N.A., acting as trustee for
Carrington Mortgage Loan Trust, Series 2006-NC4 Asset-Backed Pass Through
Certificates (“Wells Fargo”), responded to the suit (collectively, “the
lenders”).  New Century assigned the deed
of trust and underlying debt to Wells Fargo in its capacity as trustee.  Carrington Mortgage acts as servicer on
behalf of Wells Fargo. 

On appeal, the homeowners maintain that the trial court erred
in granting summary judgment because (1) no evidence demonstrates that
Carrington and Wells Fargo own the underlying debt and fact issues exist as to
various claims against them for deceptive acts or practices; and (2) the
underlying promissory note was pooled into a trust in violation of the trust’s
pooling agreement and thus any assignment of the note was invalid.  We conclude that Wells Fargo had standing to
enforce the note and its rights via contractual assignment of the note.  We further conclude that the homeowners have
failed to raise a fact issue on their federal and state claims against the
lenders.  We therefore affirm.

Background

In July 2006, Martin and Arceneaux
purchased a house in Missouri City, Texas. They financed the purchase by
executing a thirty-year, adjustable rate promissory note in the amount of
$218,768.00, with interest payable to the order of New Century Mortgage
Corporation.  A deed of trust, dated the
same day, created a lien on their homestead to secure payment of the note. The
deed of trust provides that “the note (together with this security instrument)
can be sold one or more times without prior notice to the borrower.” 

Carrington Mortgage Services, LLC (“Carrington”) serviced the
loan as agent for New Century and acted as its limited power of attorney.  In 2009, New Century assigned the deed of
trust, and all debts it secured, to Wells Fargo.   Carrington continued servicing the loan.

 In November 2008,
before the loan’s assignment to Wells Fargo, Carrington notified the homeowners
that they had defaulted on the note, because they had failed to make their
monthly mortgage payments and had allowed the IRS to impose tax liens on the
property.   When the homeowners failed to
cure their default, Carrington accelerated the maturity date on the loan and
demanded payment of the entire debt due. 
The homeowners did not pay the outstanding debt, and Wells Fargo
scheduled a foreclosure sale to take place April 6, 2010. 

The homeowners filed this lawsuit on April 5, 2010—the day before the foreclosure
sale.  Their pro se petition alleged
statutory fraud, Tex. Bus. & Com. Code Ann. § 27.01(a) (West
2009), and violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 (2006), the Texas Deceptive Trade Practices
Act, Tex. Bus. & Com. Code Ann. § 17.46 (West
2011), and the Truth in Lending Act, 15 U.S.C. § 1601–1667(f) (2006). The homeowners also sought to
enjoin the foreclosure on the basis that “Carrington . . . [had] not validated
the debt or proved standing.” 

Carrington answered the suit; Wells Fargo answered as
assignee of the mortgage and deed of trust. 
Wells Fargo and Carrington generally denied the homeowners’ claims and
asserted the statute of limitations as an affirmative defense to the
homeowners’ federal causes of action. 

Wells Fargo and Carrington subsequently moved for summary
judgment on both traditional and no-evidence grounds.  Their traditional summary judgment motion
raised limitations as a bar to each of the homeowners’ claims, including
their DTPA and statutory fraud claims. 
They attached to the motion copies of these relevant documents:

·       The thirty-year, adjustable rate promissory note; 

·       The deed of trust granting New Century Mortgage
Corporation a lien on the house; 

·       A July 2006 Federal Truth in Lending disclosure
statement; 

·       A 2008 loan modification agreement between Carrington
Mortgage Services and the homeowners; 

·       An assignment of the deed of trust from New Century
Mortgage Corporation to Wells Fargo Bank, N.A., as trustee for Carrington
Mortgage Loan Trust, Series 2006-NC4 Asset-Backed Pass Through Certificates;

·       Carrington’s records of the homeowners’ payments; 

·       Copies of federal tax liens on the property; and 

·       An affidavit of Carrington’s custodian of records,
authenticating the documents and averring that Carrington had, at all relevant
times, serviced the loan. 

 

The
homeowners responded, contesting the chain of assignment from New Century to
Wells Fargo.[1]  The homeowners attached a letter from New
Century directing their future correspondence to Wells Fargo as the assigned
holder of the note.  

The trial court granted summary judgment.  The homeowners then moved for a new trial,
arguing that new evidence revealed that their promissory note had been
improperly pooled into the Carrington Mortgage Loan Trust, Series 2006-NC4
Asset-Backed Pass Through Certificates.  Their motion claimed that, because the note
was pooled in violation of the terms of the trust’s agreement, Wells Fargo had
no standing to enforce the promissory note. 
The trial court overruled the motion by operation of law.  See
Tex. R. Civ. P. 329b(c).

Discussion

The homeowners contend that the trial court erred in granting
summary judgment in favor of Wells Fargo and Carrington, because Wells Fargo
lacks standing to foreclose, no evidence demonstrates that it owns the
homeowners’ promissory note, and the note was improperly pooled into Carrington
Mortgage Loan Trust.  They further
contend that fact issues exist with respect to their cause of action for fraud
and deceptive lending practices. 




 

I.               
Standard of Review

We review de
novo the trial court’s ruling on a motion for summary judgment.  Mann Frankfort Stein & Lipp Advisors,
Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  Under the traditional standard for summary
judgment, the movant has the burden to show that no genuine issue of material
fact exists and that the trial court should grant a judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999).  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant and
indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accid. Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).

Traditional
summary judgment is proper only if the movant establishes that there is no
genuine issue of material fact and that the movant is entitled to judgment as a
matter of law.  Tex. R. Civ. P.
166a(c).  The motion
must state the specific grounds relied upon for summary judgment.  Id.  A defendant moving for traditional summary
judgment must conclusively negate at least one essential element of each of the
plaintiff’s causes of action or conclusively establish each element of an
affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997).

After adequate time for discovery, a
party may move for a no-evidence summary judgment on the ground that no
evidence exists to support one or more essential elements of a claim or defense
on which the opposing party has the burden of proof. Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless the nonmovant produces summary judgment evidence raising a
genuine issue of material fact.  Id.; Mack Trucks, Inc. v. Tamez, 206 S.W.3d
572, 582 (Tex. 2006). More than a scintilla of evidence exists if the
evidence “would allow reasonable and fair-minded people to differ in their
conclusions.” Forbes Inc. v. Granada Bioscis.,
Inc., 124 S.W.3d 167, 172 (Tex. 2003). 
When, as here, a party moves for summary judgment on both traditional
and no-evidence grounds, we first review the trial court’s decision under the
no-evidence standard. See Tex. R. Civ. P. 166a(i); Mem’l Hermann Hosp. Sys. v. Progressive Cnty. Mut. Ins. Co.,
355 S.W.3d 123, 126 (Tex. App.—Houston [1st Dist.]
2011, pet. denied). 

II.            
Standing as Owner or Holder of the
Debt

          The homeowners’ pleading for
injunctive relief contested the lenders’ standing to foreclose.  In their summary judgment response, they
similarly contend that neither Wells Fargo nor Carrington could collect on the
promissory note or foreclose, because neither had demonstrated its status as
holder or owner of the note.  Although
the homeowners’ pleadings do not assert specific claims for wrongful
foreclosure or enforcement of the promissory note, they sought injunctive
relief against any effort to enforce it, because the lenders “have not as yet
validated the debt or proved standing.” 
We conclude that both parties addressed the question of whether Wells
Fargo possessed standing to collect on the note and tried the issue by consent.[2]  

To recover on
a debt due under a promissory note, a lender must establish that the note in
question exists, the debtor executed the note, the lender is the holder or
owner of the note, and a certain balance is due and owing on the note.  Wells Fargo Bank, N.A. v. Ballestas, 355 S.W.3d
187, 191 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting Cadle Co. v. Regency
Homes, Inc., 21 S.W.3d 670, 674 (Tex. App.—Austin 2000, pet. denied)); Austin v. Countrywide Homes Loans, 261
S.W.3d 68, 72 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); Leavings
v. Mills, 175 S.W.3d 301, 309 (Tex. App.—Houston [1st Dist.] 2004,
no pet.).  Ownership of the note is an essential element
of the right to collect amounts due on it. 
See Wells Fargo, 355 S.W.3d at 191.

The
homeowners do not contest that they signed the promissory note, nor that they owe repayment of the money that they
borrowed.  Rather, they claim that Wells
Fargo failed to prove that it owns the note, a prerequisite to establishing the
right to foreclose on the homeowners’ property. 
They observe that the note contains no written indorsement
that demonstrates that the maker of the note assigned it to Wells Fargo.  

The homeowners are correct that Wells Fargo is not a holder
of the note as the Commercial Code defines one. 
Texas law recognizes the difference between a “holder” and an “owner” of
a promissory note.  A holder is “the
person in possession of a negotiable instrument that is payable either to
bearer or to an identified person that is the person in possession.”  Tex.
Bus. & Com. Code Ann. § 1.201(21)(a)
(West 2009).  A person can become the
holder of an instrument when the instrument is issued to that person, or he can
become a holder by negotiation.  Tex. Bus. & Com. Code
Ann. § 3.201 cmt.
1 (West 2002). 
Negotiation is the “transfer of possession . . . of an instrument by a
person other than the issuer to a person who thereby becomes its holder.”  Id. § 3.201(a).  When, as here, the instrument is paid to an
identified entity (i.e., to the order of New Century), “negotiation requires
transfer of possession of the instrument and its indorsement
by the holder.”  Id.
§ 3.201(b); Leavings, 175 S.W.3d at 309.  The indorsement must be written on the instrument or on a paper
firmly affixed to it.  Leavings, 175 S.W.3d
at 309.  If an instrument not in
the possession of the original holder is not properly indorsed, then the person
in possession of it does not have the status of a holder.  Id.  The
New Century note contains no indorsement transferring
it from New Century to Wells Fargo. Because the note shows no indorsement demonstrating that New Century negotiated it,
Wells Fargo does not qualify as a “holder” under the statute.  See Tex. Bus. & Com. Code Ann. § 3.201(a).  

Nevertheless, under common-law principles of assignment,
a party who fails to
qualify as a “holder” for lack of an indorsement may still
prove that it owns the note.  Leavings, 175 S.W.3d at 309; see Tex.
Bus. & Com. Code Ann. § 3.301 cmt.
(person entitled to enforce instrument includes
non-holder in possession of instrument with rights under section 3.203).  An owner may transfer a note without indorsment.  Leavings,
175 S.W.3d at 309; see Tex. Bus. & Com. Code Ann. § 3.301 cmt.
  In that case, then the transferee acquires
whatever rights the transferor had in the note, but does not become a
“holder” of the note.  Leavings, 175
S.W.3d at 309; see Tex. Bus. & Com. Code
Ann. § 3.203 cmts. 1–2.  A non‑holder
seeking to enforce a note must prove the transfer by which he acquired the
note.  Leavings, 175 S.W.3d at 309; see e.g., Jernigan v. Bank One, Tex., N.A., 803 S.W.2d 774, 777 (Tex.
App.—Houston [14th Dist.] 1991, no writ).  An unexplained gap in the chain of title may
present a fact issue on the question of ownership.  Leavings, 175 S.W.3d at 309; First
Gibraltar Bank, FSB, v. Farley, 895 S.W.2d 425, 428–29 (Tex. App.—San Antonio 1995, writ
denied); Jernigan, 803 S.W.2d at 777.  

Wells Fargo’s summary judgment
evidence establishes that it owned the note as trustee for Carrington Mortgage
Loan Trust, Series 2006-NC4 Asset‑Backed Pass Through
Certificates, by virtue of an assignment from New Century Mortgage, the note’s
original holder.  The summary judgment
record contains a document entitled, “Assignment of Deed of Trust.”  Carrington Mortgage Services signed the
assignment as power of attorney for New Century, and its custodian of
records authenticated it.  The records
custodian averred that Carrington had serviced the loan at all relevant times,
and verified that New Century had assigned the note and deed of trust to Wells
Fargo.  Under the assignment, New Century
assigned to Wells Fargo, as trustee, “all beneficial interest under that
certain Deed of Trust dated 7/24/2006 executed by Natalie Arceneaux
and Marvin Martin . . . together with the promissory note secured by said Deed
of Trust and also all rights accrued or to accrue under said Deed of Trust.”
This evidence demonstrates that New Century assigned to Wells Fargo the deed of
trust and all the underlying debts and obligations secured by it—namely the homeowners’ 2006
promissory note payable to the order of New Century.  See O.J. & C. Co. v. Johnson, No. 01-96-00161-CV, 1997 WL
167866, at *4 (Tex. App.—Houston [1st Dist.] Apr. 10,
1997, no pet.) (deed of trust conveying all
underlying debts and obligations secured by it established ownership of
underlying debt).  The homeowners did not
proffer any evidence to controvert the assignment’s validity or
authenticity.  We hold that the evidence
establishes that Wells Fargo owns the deed of trust and promissory note, as New
Century’s assignee, and thus had standing to foreclose on the note’s collateral.  

III.         
No-Evidence Summary Judgment

In challenging the lenders’ rights to
foreclose, the homeowners alleged claims of fraud and various deceptive acts or
practices, but the trial court dismissed these claims on summary judgment.  We now examine whether summary judgment was
proper. 

a.   
Statutory Fraud 

The homeowners assert that the
lenders committed fraud in a real-estate transaction under section 27.01 of the
Texas Business and Commerce Code.  See Tex.
Bus. & Com. Code Ann. § 27.01 (West
2009).  In their
no-evidence motion for summary judgment, the lenders maintained that the
homeowners could produce no evidence of statutory real-estate fraud.[3]  

A person commits statutory fraud in
the course of a real estate transaction if (1) he makes a false representation
of a past or existing material fact, (2) for the purpose of inducing a person
to enter into a contract, (3) the person relies on the
misrepresentation in entering the contract and (4) suffers an injury as a
result.  See Tex. Bus. & Com. Code
Ann. § 27.01(a)(1); see also SMB Partners, Ltd. v. Osloub, 4
S.W.3d 368, 372 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  Fraud under section 27.01 requires evidence
that the defendant made a false representation to the plaintiff that induced
the plaintiff to enter into a real estate contract to his or her
detriment.  

The homeowners did not adduce summary
judgment evidence of the basic predicate for a statutory fraud claim:  a false representation of fact.  Nor did the homeowners produce evidence that
a false representation caused them to sign the promissory note to their detriment.  As the homeowners produced no evidence to
support their statutory fraud claim, we conclude that the trial court did not
err in granting no-evidence summary judgment in favor of the lenders.  

b.   
Real Estate Settlement Practices Act

The homeowners allege that the lenders violated section
2605(e) of the federal Real Estate Settlement Practices Act (RESPA) by failing
to timely respond to a written request for information about the servicing of
their loan.  See 12 U.S.C. § 2605(e).  
The lenders respond that there was no evidence the homeowners had sent
them a qualified written request for information related to the servicing of
their loan, nor any evidence that the homeowners suffered damages as a result
of a RESPA violation.  

Section 2605(e) of RESPA requires a loan servicer to respond
to a borrower’s qualified written request for information about loan servicing.
 Id.  A qualified request under section 2605(e)
must be (1) written correspondence, other than notice on a payment coupon or
other payment medium supplied by the servicer; (2) that includes, or otherwise
enables the servicer to identify, the name and account of the borrower; and (3)
that includes a statement of the reasons for the borrower’s belief, to the
extent applicable, that the account is in error or provides sufficient detail
to the servicer regarding other information sought by the borrower.  Id. §
2605(e)(1)(B); Bittinger v. Wells
Fargo Bank N.A., 744 F. Supp. 2d 619, 627 (S.D. Tex. 2010).  A section 2605(e) request must relate to the
servicing of the loan.  See 12 U.S.C. § 2605(e)(1)(A).
“Servicing” includes “receiving any scheduled periodic payments from a
borrower” or the “making the . . . payments
of principal and interest. . . .” Id.
§ 2605(i)(3).  Finally, a plaintiff claiming a violation of
the Act must allege actual damages resulting from the violation.  Id.
§ 2605(f)(1)(A).

In their summary judgment response, the homeowners produced a
March 2010 New Century letter addressed to them.  The letter acknowledges that New Century had
received a letter from the homeowners, and informs the homeowners that New
Century had filed for Chapter 11 bankruptcy in 2008 and had been liquidated.  The letter states that New Century had
assigned the homeowners’ loan to Wells Fargo. 
It directs the homeowners to contact Carrington—the company that had serviced the
loan since 2007—with any questions.  

In their pleadings, the homeowners claimed that they also
sent a qualified written request to Carrington. They purported to attach a copy
of the letter to their petition.  But no
request was attached to their petition, and the homeowners did not offer
affidavits to support their contention in response to the motion for summary
judgment that Carrington had failed to respond to their request.  Thus, no record evidence exists that the
homeowners sent the lenders a written request for information about the
servicing of their loan.  Nor does the
record contain evidence of any damages resulting from the
alleged RESPA violation.  Because the
record contains no evidence demonstrating that the homeowners sent a section
2605(e) request to Carrington or Wells Fargo or that the homeowners suffered
damages as a result of a RESPA violation, we conclude that the trial court
properly granted the no-evidence summary judgment motion on the homeowners’
RESPA claim.

IV.          
Traditional Summary Judgment

The lenders also sought summary judgment on additional claims
based on the affirmative defense of limitations.  While their first amended answer asserted
limitations as a defense to the federal causes of action, their summary
judgment motion claimed limitations as a bar to each of the homeowners’ causes
of action, including their state law claims. 
The homeowners did not object or specially except to the failure to
plead limitations as a defense to their state law claims.  

A party may obtain summary judgment based on affirmative
defenses not pleaded if the nonmoving party does not object to the absence of
an answer containing those affirmative defenses and if the motion has
merit.  See Roark v. Stallworth Oil, 813 S.W.2d 492, 494–95 (Tex. 1991).  We therefore consider whether the record
supports summary judgment against the homeowners’ Truth in Lending Act and DTPA
claims based on the affirmative defense of limitations. 

a.   
The Truth in Lending Act 

The homeowners maintain that New Century and Carrington
failed to provide a complete disclosure of the credit terms and costs of the
promissory note when they signed it in 2006, in violation of the Truth in
Lending Act.  The Truth in Lending Act
protects consumers from inaccurate and unfair credit practices. 15 U.S.C. §
1601(a).  A one-year statute of
limitations governs claims brought under the Act, running from the date of each
violation.  Id. § 1640(e). 
A violation occurs when credit is extended without the required
disclosures.  See Moore v. Travelers Ins. Co., 784 F.2d 632, 633 (5th Cir. 1986);
Bittinger,
744 F. Supp. 2d at 628.  

The homeowners signed the promissory note in July 2006, but
did not file their suit until April 2010—over three years after they obtained
credit under the promissory note.  As a
result, limitations bars the homeowners’ Truth in
Lending Act claims.  See
15 U.S.C. §
1640(e).

b.   
Texas Deceptive Trade Practices Act

          The homeowners contend that the
lenders violated the DTPA when they misrepresented the terms of the loan and
failed to disclose information relating to the loan.  Claims under the DTPA must be brought within
two years of the injury.  Tex. Bus. & Com. Code
Ann. § 17.565 (West 2011).  Because the homeowners’ DTPA claims are based
on complaints that the bank engaged in misleading practices when the homeowners
signed the promissory note in June 2006, and the homeowners filed this suit in
April 2010, we conclude that the statute of limitations bars their DTPA claims. 
Accordingly, we hold that the trial court properly rendered summary
judgment in favor of the lenders based on limitations on the homeowners’ Truth
in Lending Act and DTPA claims.

V.             
Motion for New Trial

The homeowners contend that new evidence reveals that the
lenders improperly pooled their loan into the Carrington Mortgage Loan Trust,
Series 2006-NC4 Asset-Backed Pass Through Certificates.  The homeowners first raised this claim in
their motion for new trial, which the trial court overruled by operation of
law.  See
Tex R. Civ. P. 329b(c).  Accordingly, we construe their challenge as a
challenge to the trial court’s denial of their motion for new trial. 

A trial court may grant a new trial for good cause, on motion
of a party or on the court’s own motion.  Tex. R. Civ. P. 320.  To obtain a new trial based on newly
discovered evidence, a party must show the trial court that: (1) the evidence
has come to light since trial; (2) it is not due to lack of diligence that it
was not produced sooner; (3) the new evidence is not cumulative; and (4) the
new evidence is so material that it would probably produce a different result
if a new trial were granted.  Waffle House, Inc. v.
Williams, 313 S.W.3d 796, 813 (Tex. 2010); Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983).  We review a trial court’s denial of a motion
for a new trial for abuse of discretion.  In re R.R., 209 S.W.3d 112, 114 (Tex. 2006); Imkie v. Methodist Hosp., 326 S.W.3d 339, 344
(Tex. App.—Houston
[1st Dist.] 2010, no pet.).  The
trial court abuses its discretion if it acts without reference to any guiding
principles or acts arbitrarily or unreasonably.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985).
 Under the abuse-of-discretion standard,
we view the evidence in the light most favorable to the trial court’s actions.  Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.]
1993, writ denied).

In their motion for new trial, the homeowners maintained that
evidence reveals that their loan was pooled into Carrington Mortgage Loan
Trust, Series 2006-NC4 Asset-Backed Pass Through
Certificates, in violation of the terms of the trust set forth in a “Pooling
and Servicing Agreement,” which allegedly provides that a note must be pooled
within ninety days of its execution.  The
homeowners claimed that, because the pooling of their note violated the terms
of the trust, Wells Fargo lacks standing to foreclose on their house.  

The homeowners’ motion for new trial does not meet the
requirements for a new trial based on newly discovered evidence.  The homeowners attached no evidence to their
motion other than a “forensic” report analyzing their mortgage in light of
various federal laws and the pooling agreement. 
The evidence attached does not demonstrate that the evidence was “newly”
discovered or that failure to discover it sooner should be excused.  See
Waffle House, 313
S.W.3d at 813.  Nor does the
motion show that the new evidence is so material that it would probably produce
a different result were a new trial granted. 
See id.  The trial court therefore reasonably
could have concluded that the homeowners did not demonstrate grounds for a new
trial based on newly discovered evidence. 


Conclusion

          We hold that Wells Fargo demonstrated
its standing and rights as assignee to enforce the note.  We further conclude that the homeowners have
failed to raise a fact issue on their federal and state claims against the
lenders.  We therefore affirm the trial
court’s summary judgment.

 

 

                                                                      Jane
Bland

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

 

 











[1]         The
homeowners also contended that an inadequate time for discovery had passed, but
do not assert inadequate discovery as a basis for their appeal.  





[2]         The
Texas Supreme Court has recognized that unpleaded
claims or defenses may be tried by express or implied consent of the parties.  See
Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 756 n.1 (Tex.
2007) (per curiam) (citing Roark v. Stallworth Oil & Gas, Inc.,
813 S.W.2d 492, 495 (Tex. 1991)). When, as here, the claims are tried by
consent, we treat the claims as if they had been raised by the pleadings.  Tex. R.
Civ. P. 67; see Via Net v. TIG
Ins. Co., 211 S.W.3d 310, 313 (Tex. 2006) (holding applicability of the
discovery rule properly before court when it was raised in the summary judgment
response but not included in pleadings).

 





[3]
        The
motion does not state the specific elements that lack evidence.  See
Tex. R. Civ. P. 166a (i) (requiring
motion to point to elements as to which there is no evidence).  “A no-evidence challenge that only generally
challenges the sufficiency of the non-movant’s case and fails to state specific elements is fundamentally defective and
insufficient to support summary judgment as a matter of law.” Mott v. Red’s Safe & Lock
Servs., Inc., 249 S.W.3d 90, 98 (Tex. App.—Houston [1st Dist.]
2007, no pet.). However, the homeowners did not bring any defect in the
motion to the attention of the trial court and, more importantly, do not claim
on appeal that the motion failed to comply with the specificity
requirement.  Roehrs v. FSI Holdings, Inc., 246 S.W.3d 796, 805 (Tex. App.—Dallas 2008, pet. denied) (noting that defect in no
evidence motion for summary judgment may be raised for first time on appeal,
but declining to consider issue where parties did not raise defect before
appellate court); cf. Kahng v. Verity, No. 01-07-00695-CV, 2008 WL
2930195 (Tex. App.—Houston [1st Dist.] July 31, 2008, no pet.) (assuming
without deciding that complaint that no-evidence summary judgment was facially
defective was preserved for review).